The PROPRIETORS of the KENNEBEC PURCHASE *v.* DAVIS.

An offer made by the tenant in a real action under *Stat.* 1821. *ch.* 47. *sec.* 4, cannot afterwards be withdrawn by him, it being in its nature an admission on his part, of the value of the estate.

Where such an offer was made in the Court below, and the demandant proceeded to trial, and the jury having estimated the land lower, and the improvements at a higher sum than the tenant offered, the demandant appealed to this Court ;—it was holden that the proceedings below being nullified by the appeal, the demandants' right to accept the offer still continued, and might be exercised in this Court.

But whether he may accept such offer after proceeding to verdict in a *final* trial, *quære.*

THIS case, which was a writ of entry on the seisin of the demandant, came up by appeal from the Court of Common Pleas, and was presented to this Court upon a statement of facts agreed by the parties.

It appeared that at the first term in the Court below, at which time the action was tried, the tenant requested that the jury might find the increased value of the demanded premises by reason of his buildings and improvements, and also estimate the value of the land without them ;—that on the second day of the term he made and filed in Court an offer in writing pursuant to the statute, consenting that the land should be estimated at two hundred dollars, and his improvements made thereon at six hundred dollars ; which offer was not in fact known to the demandants' counsel till it was produced at the trial on the fourth day of the term ;—and that the jury returned a verdict for the demandants, estimating the buildings and improvements made by the tenant at *six hundred and sixty-eight dollars*, and the land at *one hundred and seventy-five dollars.* Judgment being rendered upon this verdict, the demandants appealed *to this* Court, and entered their appeal at the present term ;—and now they would accept the offer made by the tenant in the Court below, and elect to abandon the land to him at the offered price of two hundred dollars, pursuant to *Stat.* 1821. *ch.* 47.

And the question submitted to the Court was, whether the demandants, at this term, have a right to accept the offer made by the tenant in the Court below ?

Prop'rs of Ken. Purchase *v.* Davis.

*Allen,* for the demandants.

The verdict and judgment in the Common Pleas having been rendered null and void by the appeal, the question presented to this Court stands upon the same basis as if the offer had been made here, at a prior term. And the question then is, whether a demandant is obliged to accept the offer of a tenant the instant it is made, or lose his right to it forever ? The statute on this subject, *Stat.* 1821. *ch.* 47. *sec.* 4. prescribes no period within which the offer must be accepted ; but merely provides that when the tenant in open Court shall offer a certain sum as the value of the land, and does the like as to the improvements, if the demandant shall not consent to the offer, but will proceed in the suit, and the jury shall not estimate the land at a greater sum, nor the improvements at less than the tenant offered, the demandant shall have no costs after the time of making the offer, but the tenant shall recover his costs. The design of the provision doubtless was to protect the tenant from the expense and vexation of a trial by jury, in every case where he is willing to give the fair value of the land, or take a reasonable price for his buildings and improvements. But this offer the tenant may make " in any stage of the process ;"— and common justice requires that the demandant should have reasonable time to deliberate whether he will accept it or not ;— at least he should have *personal* notice of its existence. Otherwise, every demandant must be always personally present in Court, or be at the expense and trouble of instructing his counsel as to contingencies which may never happen. As the tenant may make his offer at any time before the cause is committed to the jury upon a *final* trial, the rule to be reciprocal, demands that the demandant should have *till that time* to make his election, especially as the peril of costs is wholly his own.

As the statute provision is wholly novel, no other aid than that of analogy can be drawn from adjudged cases ; but so far as this argument is of weight, the case may be likened to the bringing of money into Court, which is an admission of the cause of action, and that so much is due to the plaintiff, which he may always take out in his own time, without leave of the defendant. *Boyden v. Moore,* 5 *Mass.* 365. *Watkins v. Towers,* 2 *D. & E.* 275. *Cox v. Parry,* 1 *D. & E.* 464. *Baillie v. Caz-*

*elet*, 4 *D. & E.* 579.    *Yate v. Willan*, 2 *East.* 128.    *Johnston v.*
*Columbian Ins. Comp.* 7 *Johns.* 315.

*Cutler*, for the tenant.

When the offer of the tenant is made in Court pursuant to
the statute, the demandant has his option to accept it, or to
take the appraisement of the jury.    He cannot do both,—and
the election of one, is necessarily a waiver and rejection of the
other.    In this case the continual existence of the offer on re-
cord is not a continuance of the demandants' right to accept.
When once made, it is gone from the tenant;—but when refus-
ed, it is equally out of the reach of the demandant.    The ob-
ject of the statute was to save the tenant from vexation as well
as from expense;—but this object will be defeated, if the de-
mandant may still detain the tenant in Court, till he shall have
derived the benefit of a full investigation by the jury, and be
permitted afterwards to recur to the offer.

If, however, the demandants' right to accept the offer con-
tinues unimpaired till the final trial, equal justice demands that
the tenant should be permitted to withdraw it and substitute a
new offer at any time during the same period.    But as the
statute recognizes no such right in the tenant, so no construc-
tion can be admitted which shall give it to the demandant, for
this would destroy the principle of reciprocity which the
statute has adopted.    It was manifestly never intended that he
should turn round and accept the offer, after trying his chance
of a verdict.    If common justice requires that he should have
time to deliberate upon the offer, this reasonable indulgence can
always be obtained of the Court on motion.

The case of money brought into Court in *assumpsit* is not
analogous to this, because there the defendant may always
know the precise sum due, which he ought to have paid before
action brought;—but here the estimated value of the proper-
ty is a matter of opinion merely, which the tenant must always
make at some peril, and which he can never offer till he has
been subjected to the costs of a suit.

Prop'rs of Ken. Purchase *v.* Davis.

MELLEN C. J. delivered the opinion of the Court, at the succeeding term in *Oxford.*

That part of the fourth section of the act of 1821, *ch.* 47, on which the question in this case arises, is in these words:—
" That in any such action, the tenant or his attorney may, in " any stage of the process, and as often as the writ shall be " amended, as aforesaid, offer and give notice in open Court,— " at what sum he consents that the value of the demanded pre- " mises or such part thereof, as is by him defended, shall be es- " timated without the buildings and improvements ; *which notice* " *shall be entered on the record of the Court ;* and if the demandant " consent to the same, judgment shall be rendered on said con- " sent of the parties, in the same manner as if the like sums had " been found by the jury in a verdict for the demandant. But if " the demandant *shall not consent* to the said offer, and shall pro- " ceed in the suit, and the jury by their verdict shall not reduce " the value of the buildings and improvements below the said of- " fer, nor increase the value of the demanded premises as afore- " said above it, he shall not recover costs *from and after the first* " *entering of such notice upon the record ;* but the tenant shall from " that time recover his costs," &c. At the Court of Common Pleas the tenant made an offer of $200, for the lands demand- ed. This the demandants refused, and proceeded to trial. The jury estimated the lands at $175. The demandants appealed to this Court, and at this term consent to accept the $200 offer- ed below ; and the question is, whether under the circumstances of the case, they have a right so to do, under the statute ; hav- ing once declined the offer and proceeded to trial and judgment in the Court of Common Pleas. The provisions of the statute are so peculiar, that in giving it a construction, we can have no aid from decided cases. By the appeal the judgment and pri- or proceedings in the Court below are vacated, and in legal con- templation, have now no existence. Neither party can resort to the verdict or proof on which it was founded, as any rule of proceeding in this Court. The statute does not provide that the tenant may withdraw his offer. In its nature it is an ad- mission on his part. It may in some respects be compared to the practice of bringing money into Court upon the common rule ; in which case, though the plaintiff be nonsuited he shall

still be entitled to the money. *Elliot v. Callow*, 2. *Salk.* 597.
So in case of a tender pleaded with a *profert in curia* and a re-
plication stating a subsequent demand, *Cox v. Robinson*, 2 *Stra.*
1027. So in case of money brought in on the common rule,
and the judgment arrested, 2 *Barn.* 230. So if the plaintiff has
proceeded in his suit after the bringing in of the money, 1 *Barn.*
198. 201. See also *Burrough v. Skinner*, 5 *Burr.* 2639. *Cox v.*
*Parry*, 1 *D. & E.* 464. From analogy to these cases, it would
seem that the demandants might elect not to proceed any fur-
ther in the suit, but accept the offer made by the tenant. They
certainly are not bound to proceed any further in a course of
judicial investigation; they have a right to become nonsuit at
any time before the cause be opened to the jury or the trial
commenced. *Locke v. Wood*, 16 *Mass.* 317. As the demand-
ants have the right thus to go out of Court, we see no legal or
reasonable objection to their remaining in Court, and now ac-
cepting the tenant's offer; because the tenant has no vested
rights under the verdict and judgment; the appeal has divested
them by nullifying the proceedings of the Court below. We
are the more satisfied with this construction of the statute, be-
cause it cannot be productive of any injury to the tenant, while,
at the same time, it gives the demandants all the advantages
which the law intended. The demandants, by the general pro-
vision of law, are entitled to their costs up to the time of the
first entering on record of the notice of the tenant's offer, which
in this case was not before the fourth day of the term; if it
had then been accepted, no further costs could have arisen;
but the demandants did not consent to accept it, but proceeded
to trial below, and have pursued the cause into this Court, and
now repenting of their perseverance, consent to accept the of-
fer; but they are not entitled to any costs, subsequent to the
record of the notice; because all those costs have been incur-
red by them in making an experiment, which they have found
unsuccessful, and this expense they must bear themselves. On
the other hand the tenant, according to the language of the
statute, must recover his costs from the time of first entering
the notice on record; because those costs have been incurred
by him, in the defence of the suit, rendered necessary by rea-
son of the non-acceptance of his offer when the same was

made. It will be readily perceived that the opinion we have given, and the reasoning on which it is founded, would not apply in a case where the offer, non-acceptance, and consequent trial, all took place in this Court; or all of them in the Court of Common Pleas; and to a motion made after such a trial, to waive the pleadings and accept the offer. As to such a case we give no opinion.

The result is, that the demandants now have the right to accept the tenant's offer, and to have judgment for $200.

The judgment was entered in the form following.

" And now on' motion of the demandants' counsel, and by leave of Court, the pleadings in this case are waived. And thereupon the demandants consent to, and accept the offer made by the tenant, in the Court of Common Pleas that the demanded premises should be appraised at the sum of two hundred dollars, had no buildings or improvements been made thereon.

It is therefore considered by the Court that the demandants recover of the said *James Davis* the sum of two hundred dollars; they having at this term in open Court made their election to abandon the premises to the tenant at the price aforesaid, being said sum of two hundred dollars. And it is further considered by the Court that the demandants recover their legal costs up to the time of the first entering of the notice of the tenant's said offer, viz. the fourth day of said term and no further; and it is also further considered by the Court, that the tenant recover of the demandants his legal costs arising after the record of notice of said offer.

NOTE. In this case PREBLE J. gave no opinion, not having been present at the argument.