Cuña.

The' question is, whether a court may "allow a juror to be withdrawn, thus saving the plaintiff from the GCmsequenGeg- Gf a fatal defect in his testimony. If" such a discretion exist as to. any civil case, we are satisfied it existed and was properly applied in this. The modern books are very barren of authority upon the question as to civil causes, though jurors have been withdrawn, and the practice has been sanctioned in criminal cases. The older authorities do not .agree. In Chedwick v. Hughes, (Carth. 465,) Holt, G. J., says it was the opinion "of all the judges of England, upon debate between them, that in civil cases this cannot be done without consent of all parties; nor without the defendant’s consent in criminal cases not .capital, The authority of that dictum is rendered rather questionable, by what appears in Foster, 36, 37; and, as to criminal cases not capital, we have a very respectable authority in United States v. Coolidge, (2 Gall. 364,) that. the court may, in their discretion, allow a juror to be withdrawn in order to prevent a failure of justice; and yet continue the cause. The principle would seem to apply more strongly to a civil cause.
We find the practice has prevailed at the circuitand it strikes us as convenient, and indeed necessary, in same instances, to prevent a failure of justice. On the whole, we think courts may, in the exercise of a sound discretion, take the course which, the court below adopted in this case.
The motion for a peremptory mandamus is, therefore, denied.
Motion denied»