The People
v.
Ellis.

---

### THE PEOPLE *vs*. ELLIS and others.

On the trial of a party for a *misdemeanor*, a juror may be withdrawn on the application of the public prosecutor, after the jury have been impannelled and sworn.

THIS case came up by *certiorari* from the Albany general sessions. John Ellis, Davis Ellis and David G. Herrick were put on trial for an *assault and battery* and *riot* committed by them. After the district attorney rested, the counsel for the defendants offered to prove that on the day preceding the trial, *two* of the defendants, viz. *John Ellis* and *Herrick*, were put on trial on the *same indictment*, and after evidence had been given on the part of the prosecution, the court, on the motion of the district attorney and against the consent of the defendants, *withdrew a juror*, for the purpose of enabling the district attorney to bring on the trial against the *three* defendants at the same time; which evidence was refused to be received. The defendants were *convicted* and fined. The case was brought before this court by *certiorari* upon a bill of exceptions.

*J. M'Kown & J. Van Buren*, for defendants.

*E. Livingston*, (district attorney,) contra.

*By the Court*, NELSON. J. In the case of *The People* v. *Olcott*, 2 *Johns. Cas.* 307, the power of the court as to the withdrawal of a juror after the jury was impannelled and sworn,

in the case of a *misdemeanor*, seems to be put on the same footing as in *civil cases*, in which it rests very much in the exercise of a sound discretion. 8 *Cowen*, 127. The same indulgence is not extended in this court to all criminal cases not capital, *The People* v. *Barrett & Ward*, 2 *Caines*, 304, though respectable authorities have gone that length. 2 *Gall.* 364. We see no good objection to the application of the rule in all cases of misdemeanor.

Judgment affirmed.