## · SUPREME COURT.

### THE PEOPLE agt. FRANK MARKS.

A *new trial*, on the ground of *newly discovered evidence*, will not be granted, where such evidence, at the time of the trial, was *within reach*, and by *ordinary diligence* might have been procured.

Although the evidence is material and would change the result, and was on the trial unknown to the party, yet, where the pleadings fully disclose the nature of the action or defence, and the new evidence comes plainly within the issues, the party, his attorney and counsel, must be held to *vigilance* in procuring it on the first hearing.

A similar principle applies in reference to a new trial on the ground of *surprise*. A party has no right to be surprised by evidence within the issues; if, however, he is, he must find it out at the trial, and then apply for relief.

*Dutchess Special Term, Nov.*, 1854.

THIS was a motion for a new trial in an action on a recognizance, taken by a justice of the peace before indictment found, for the appearance of one Smith at the June oyer, in Dutchess county. On the trial, the plaintiff called the county clerk as a witness. On his cross-examination, it appeared that there was a court of sessions, with a grand jury, between the taking of the recognizance and the June oyer. Judgment was given for the defendant, on the ground that the recognizance was void, in not having required the prisoner to appear at the next criminal court having jurisdiction of the offence.

The plaintiff moves for a new trial, on the ground of newly discovered evidence and surprise. He shows, by affidavits, that although a grand jury did attend the May sessions in Dutchess county, yet, that the order requiring such attendance was not made until April, while the recognizance was taken in

March. It also appears, by affidavit, that this was unknown to the plaintiff's attorney or counsel on the trial.

DODGE & CAMPBELL, *for people.*
J. F. BARNARD, *for defendant.*

DEAN, Justice. This testimony is material, because, if true, and it had been produced, the plaintiff would have been entitled to judgment. Nor is it cumulative, within any legal signification of that term. The application is not open to objection on either of these grounds; and raises distinctly the question, whether a party can ever obtain relief, by motion for a new trial, when he discovers that evidence within his reach, and of which, by ordinary diligence, he might have availed himself on the trial, would change, or probably change, the result.

The answer in this case fully apprised the plaintiff of the nature of the defence. By that it was evident, that if no grand jury had, in March, been appointed to attend the May sessions, there was nothing in the point taken that the recognizance should have required the appearance of the prisoner at that court. The evidence of the time when the order was made was within the court-house, and could have been obtained at any time by an examination of the papers on file. The plaintiff might have required the defendant to produce the original order of the county judge, instead of giving parol evidence of the fact. The case, however, was tried—no objection was made to the manner of proving the regularity of the court, &c.; but now, on discovering the materiality of the testimony, an application is made for a new trial, to enable the plaintiff to supply that which was within his reach at the time of the trial. No excuse whatever is given for the want of information on this very material point, nor does it appear in what manner it has since been discovered. Independently of adjudged cases, it seems to me, to allow a party to have a new trial on such grounds, would be, if not offering a premium to negligence, putting negligence and inattention on an equality with care and

The People agt. Marks.

vigilance, and would fill the courts with applications of this nature.

But I am not left to pursue my own opinions in this case. The whole current of decisions is in one direction. Ch. J. PARSONS, in *Bond* agt. *Cutler*, (7 *Mass. R.* 205,) says : " Want of recollection of a fact which, by due attention, might have been remembered, cannot be a reasonable ground for granting a new trial ; for want of recollection may always be pretended, and may be hard to be disproved." In *Knox* agt. *Work*, (2 *Binn.* 582,) Rush says, " it is laid down as a general principle, and is said to be an established rule, not to grant a new trial on account of evidence discovered after the trial, which, by using due diligence, might have been discovered before, or which it was in his power to have been furnished with." I most fully concur with this salutary rule. By rigidly enforcing it, vigilance on the part of both attornies and parties will be in requisition—an end will be put to much unnecessary litigation —and courts will be saved from trying causes twice, which could be as well tried on the first hearing. The rule, as I have here held it, is stated quite as rigidly in *Graham on New Trials*, 473, and has always been recognized by our supreme court.

The other ground that was urged on the argument for granting this motion—surprise—has no existence in fact, because the plaintiff was apprised of the defence by the answer. But on this, it is obnoxious to the same objection, as on the ground of newly discovered evidence. A plaintiff has no right to be surprised by evidence within the issues. If, however, he is, he must find out his surprise at the trial, and he can then apply to the court for leave to withdraw a juror, or submit to a nonsuit. But he can never, after having submitted his cause, on finding that the verdict or judgment is against him, become surprised, and ask the court to relieve him from an error, mistake, or omission. (2 *W. Black.* 802 ; 4 *Taunton*, 779 ; 5 *Wend.* 127 ; *Gra. New Trials*, 191.) The motion must be denied, with costs.