ROBERT GLENDENING *et al. against* THOMAS CANARY and MICHAEL NORTON, *Impleaded.*

An indorser of a note payable at a bank was informed by the holders, that the note had not been presented for payment on the day it fell due: *Held,* That this was notice to him that it had not been presented *at the bank.*

*Held,* also, that the indorser, on such notice having been given to him, having answered, "You hold the note two or three days, and I will make it all right at the bank," that this was sufficient to warrant the submission to the jury of the question, whether the indorser intended those words as an absolute promise to pay the note.

A new trial, on the ground of surprise, will not be granted, when the facts by which the party claims to have been surprised were fully brought out on the trial, and he then neglected to take any steps to have a postponment of the trial.

APPEAL from a judgment of this court, entered on the verdict of a jury, and also from an order denying a new trial on the ground of surprise.

The action was against the defendants, as indorsers of a promissory note, and their ground of defense was, that the note had not been duly demanded, and notice of the demand and refusal to pay given to them. On the trial, it appeared that the note had not been presented for payment on the day it became due, but had afterwards been presented, and payment refused, and evidence was given on the part of the plaintiff, that subsequently the defendants, with the full knowledge of all these facts, had promised to pay the note.

The evidence on this point is fully stated in the opinion.

Plaintiffs had a verdict, and a motion for a new trial on the ground of surprise (the facts in regard to which are stated in the opinion) was denied.

Defendants appealed.

*Tremaine & Tyler,* for appellants.

*Wm. Gallaher,* for respondents.

ROBINSON, J.—The action being against these defendants as indorsers of a promissory note, due February, 1871, and payable at the Tenth National Bank, which was not presented for payment when it became due, it became incumbent on the plaintiffs to fully maintain and prove the subsequent alleged promise of the defendants to pay the note, and also that such promise was made with full knowledge of the laches of the holders. The testimony adduced on the part of the plaintiffs, which the jury have credited, was sufficient to establish such promise after full knowledge or notice expressly given. A witness, Anderson, testified on behalf of the plaintiffs, that on the 4th day of February, 1871, he gave on behalf of the plaintiffs, notice to the defendant Norton, that by an oversight the note had not been presented when it was due, and requested him to pay the note ; that Mr. Norton then said, " It is all right ; you hold the note two or three days, and I will make it all right at the bank."

There was testimony also by a witness named Keen, taken on commission, to show that two days afterwards (on February 6th, 1871), he called on plaintiffs' behalf on the defendant Canary, and after a full statement of such promise to Anderson, after notice of the want of demand, he conceded the fact, but refused to pay, stating defendants had altered their minds. This note being payable at the Tenth National Bank, defendants' counsel contend· that the notice that the note had not been presented when it was due, was insufficient to apprise defendants that it had not been presented *at the bank.* Such a proposition cannot be maintained : the notice that *it had not been presented* was of an entire want of any presentation, and could not have been expressed in more explicit or compresive terms. No such point was made upon the trial, nor any exception taken which would warrant any reversal for error in this respect. It is also claimed that the promise expressed or inferrible from the words " You hold the note two or three days, and I will make it all right at the bank," was not a promise to pay the note. It is difficult to conceive how, if plaintiffs would hold on for two or three days, as they did, the matter could be *made all right* in any other way than

by the payment of the note, and in the absence of any suggestions as to any other mode of arrangement to make it *all right*, the court might well have charged in express terms that such a promise was one to pay the note. But the defendants received the indulgence or benefit of a submission to the jury, of the question whether, under the circumstances detailed, in connection with the other language used between the parties engaged in the conversation, the expression was an absolute promise to pay. No error or prejudice to the defendants could have resulted from such submission to the jury of the question of intent. These are the only material considerations presented by any of the exceptions taken on the trial. A motion was however made for a new trial, upon the ground of surprise on the trial, arising, as is alleged in the moving papers, from defendants' counsel being misled by a statement in a deposition of the witness Keen, taken on commission before trial, who, as is claimed by defendants, testified to the acknowledgment by the defendant Canary, to the promise above referred to, on the first presentation of the note, as having been made by him, and not by the defendant Norton. The particulars of that testimony, to which defendants on the motion made reference, were that the witness stated that, on presenting the note to Canary on the 6th of February, 1871, he said to Canary, "In accordance with *your* promise to Mr. Anderson on the 4th instant, to pay this note at bank, I called at the Tenth National Bank for payment, which was refused. Will you pay this note, Mr. Canary?" He replied, "No; *I* have changed *my* mind and don't intend to pay it." I then said, "Mr. Canary, *you* told Mr. Anderson that *you* would pay this note," &c. "*You* said," &c. "*You* knew at the time *you* promised Mr. Anderson," &c. I said, "*You* knew that before you promised. Mr. Anderson showed *you* the note and protest, and told *you* they neglected to present it at the proper time; and *you* then promised to pay the note, with full knowledge of these facts. Mr. Canary then said, *That is all very true*, but we have changed our mind about it, and now refuse to pay. I said, Then you acknowledge, *you* told Mr. Anderson you would pay the note after he informed you of their neglect

to present and protest it at maturity?" Mr. Canary said, "Yes," &c. That relying on and expecting from these statements that the case to be presented on the part of the plaintiffs was to be upon the alleged original promise made by *Canary* to Anderson, they took no precaution to get the contradictory evidence of the defendant Norton, as to any such promise being made by him, which they could and otherwise would have obtained. And Mr. Norton makes an affidavit wholly contradicting the statements of the witness Anderson as to any such occurrence. It is not intimated that on the trial, the defendants indicated any expression of surprise in being met by the statement of Anderson, that the original promise was made by the defendant Norton, or for that reason made any motion to the court for a withdrawal of a juror, or adjournment of the trial. The court on the trial of civil cases, upon being satisfied that any real ground of surprise exists; such as the unexpected absence of witnessess who had been in attendance, or, that have been kept out of the way; the sickness of a juror, party or counsel; or any other accident occasioned by substantial misapprehension or disappointment, which would render its further progress unjust or unfair to either party, may, in the exercise of a sound discretion, direct the withdrawal of a juror or discharge of the jury, and postpone the trial (*The People* v. *Olcott*, 2 Johns. Cas. 307; *People* v. *N. Y. Com. Pleas*, 8 Cow. 127; *People* v. *Ellis*, 15 Wend. 371; *Powell* v. *Sonnett*, 3 Bing. [in Exch.] 381; s. c. [H. L.] Bligh, N. S. 352). In *The United States* v. *Perez* (9 Wheat. 580), the court say: "The law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, and the ends of justice would otherwise be defeated." "And the security which the public have for the faithful, sound and conscientious exercise of this discretion rests in, this, as in other cases, upon the responsibility of the judges under their oath of office."

Instead of availing themselves of any representation to the court of any such alleged surprise, or appealing to its discretion

to postpone the trial, so as to enable them to relieve themselves from the consequences, they proceeded with the trial, and chose to abide the verdict of the jury upon the relative credibility of the plaintiffs' witness Keen and the defendant Canary, both as to Norton's *alibi* on the 4th and the occurrence of the 6th of February. Keen's testimony, if credited, as against Canary's denials, warranted the jury in finding the verdict in favor of the plaintiffs, irrespective of any submission to them of any conflict of evidence that might be raised by any discrepancy in the proofs were the testimony of Mr. Norton produced on a retrial. And it is evident, as the judge below held on the motion for a new trial on the ground of surprise, that Norton's proposed testimony would be merely cumulative, and furnishes no ground for a new trial, when the verdict was fully supported by other evidence accepted as credible by the jury.

For these reasons, the judgment therein should be approved, and the order denying a new trial should be affirmed, with costs.

Larremore and Loew, JJ., concurred.

Ordered accordingly.