THE WABASH RAILROAD COMPANY v. McCORMICK ET AL.

[No. 2,896.   Filed November 15, 1899.]

CONTINUANCE.—*Withdrawal of Juror.*—*Dismissal and Nonsuit.*— During the progress of a trial plaintiff moved for leave to file an amended complaint, which was sustained, and he thereupon asked leave to withdraw a juror, which was granted, and the court discharged the jury and continued the cause over defendant's objection and motion to dismiss. *Held,* that the withdrawal of the juror was superfluous and gave plaintiff no additional rights, and that defendant's motion to dismiss should have been sustained.

From the De Kalb Circuit Court.   *Reversed.*

*W. V. Stuart, E. P. Hammond, D. W. Simms, E. P. Hammond, Jr., J. E. Rose* and *J. H. Rose,* for appellant.

*L. M. Ninde, D. B. Ninde, H. W. Ninde* and *F. S. Roby,* for appellees.

ROBINSON, J.—Appellees sued for damages arising under a live stock contract.

It appears by a bill of exceptions that, on the trial at the March term of the DeKalb Circuit Court, appellees, on April 6th, 7th, 8th, and 9th, introduced their evidence and rested, with the privilege of introducing another witness; appellant began the introduction of its evidence, and, having introduced one witness, the court announced that the evidence which appellees proposed to introduce by the witness who had not yet testified would not be admitted; and thereupon appellees moved for leave to file an amended complaint. This motion was supported by the affidavit of one of appellees' attorneys, to the effect that during the introduction of the evidence and after the trial had begun it was first discovered by the attorneys that the complaint, more especially the third paragraph, was insufficient in failing to allege a compliance with certain named conditions of the contract between the parties, that appellees did not have evidence

admissible under the court's rulings to prove such fact, and could not produce such evidence in time to introduce it during the trial, that if leave was granted to file such amended complaint the plaintiff would be able to support the same and the allegations thereof relative to the performance of such conditions, that the application was not made to secure delay merely but in order that a fair trial might be had and a judgment had upon the merits.

This motion was sustained, and thereupon appellees asked leave to withdraw the juror, William Kennedy, to which appellant objected for the reason that there was no showing that the juror was incompetent, sick, or in any way disqualified to proceed with the trial; that appellant was present and announced to the court that it was ready with its witnesses to proceed with the trial; that the withdrawal of a juror is something unknown to the practice in this State; and that it was not shown that appellees were not ready to proceed with the trial at that time. The request to withdraw the juror was granted, and over appellant's objection the juror was withdrawn; the court discharged the jury and continued the cause. The costs were adjudged against appellees.

The bill recites that the juror withdrawn was in no way incompetent or disqualified to sit as a juror in the cause, was not sick or under any disability which prevented him from serving as such juror, nor did appellees make any showing why they were not able to proceed with the trial at that time, except such cause as is shown in the affidavit to amend the complaint.

When the juror was withdrawn and the jury discharged, appellant moved to dismiss the case, for the reason that the withdrawal of a juror and the discharge of the jury over the defendant's objection was in legal effect a dismissal. At the next term of court this motion was overruled, and the amended complaint was filed, to which appellant specially appeared and pleaded in abatement of the court's jurisdiction over the person, setting up the fact of the former trial

at the March term, the withdrawal of the juror and discharge of the jury, that the amended complaint was filed at the May term, and that no summons had been issued on the alleged amended complaint. Issue was formed by replies to this answer, a trial was had, resulting in a finding against appellant, and, over its motion for a new trial, judgment was rendered in appellees' favor for costs in the case up to that time.

It is within the court's discretion to permit the complaint to be amended, and it does not appear there was any abuse of discretion in this instance. The record shows that immediately after leave to amend was granted, appellees asked leave to withdraw the juror, which was granted, and the juror was withdrawn, and the jury discharged by the court and the cause continued.

As no provision is made in the code for withdrawing a juror, it is necessary to consider the effect of such action at common law.

It is argued by appellees' counsel that the common law practice of withdrawing a juror was continued in force under the code, and that it is entirely consistent with the code.

Our statute provides that, among other laws, "The common law of England, and statutes of the British Parliament made in aid thereof prior to the fourth year of the reign of James the First (except the second section of the sixth chapter of forty-third Elizabeth, the eighth chapter of thirteenth Elizabeth, and the ninth chapter of thirty-seventh Henry the Eighth), and which are of a general nature, not local to that kingdom" and not inconsistent with the federal and state Constitutions, and not inconsistent with federal and state statutes, shall be the law of the State. §236 Burns 1894. Under this act, if there is a statute covering a subject-matter it must control. If the statute on any particular subject is different from the common law on the same subject, the common law is to that extent inconsistent with the statute, and is not in force. Under the code the rules of the common law do not control in any case where complete provision is

Wabash R. Co. *v.* McCormick.

made by a statute. These rules may be looked to in interpreting the statute, but they cannot control it. We do not mean to hold that courts are restricted to the exercise of mere statutory powers. They are coördinate branches of the government, and possess inherent powers not derived from any statute. If a statute fails to provide a complete remedy, the common law may be invoked in so far as it is not inconsistent with federal and state constitutions and statutes. But if the statute does provide a mode of procedure, it must be followed and obeyed. See *Sanders* v. *State*, 85 Ind. 318, 44 Am. Rep. 29; *Nealis* v. *Dicks*, 72 Ind. 374; *Cloud* v. *Bruce*, 61 Ind. 171; *Stevenson* v. *Cloud*, 5 Blackf. 92.

At common law there were two ways, among others, of stopping the case. One was by voluntary nonsuit, and the other was the withdrawal of a juror. Abbott's Trial Brief, pp. 107, 108.

At common law a plaintiff might, as matter of right, become nonsuit at any time before the verdict. He had this right at any stage of the proceedings he might prefer, even till after the verdict rendered, or, if tried by the court, until the judge had pronounced his judgment. He could then reserve to himself the power to bring a fresh action for the same subject-matter. 3 Black. Comm. 376; *Murphy* v. *Donlan*, 5 Barn. & Cr. 178; *Robinson* v. *Lawrence*, 7 Exch. 123; *Keat* v. *Barker*, 5 Modern 208; *Outhwaite* v. *Hudson*, 7 Exch. 380; Co. Litt. 138b, 139a; Bacon's Abr., Nonsuit, D.

This rule was afterwards modified by statute in England denying the plaintiff the right to become nonsuit after verdict against him. But in this country the rule seems to have been that, before the trial, the plaintiff might become nonsuit as matter of right; but that after the cause was opened to the jury whether plaintiff might become nonsuit was within the discretion of the court. *Haskell* v. *Whitney*, 12 Mass. 47; *Locke* v. *Wood*, 16 Mass. 317; *Inhabitants of Truro* v. *Atkins*, 122 Mass. 418; *Burbank* v. *Woodward*,

124 Mass. 357; *Judge of Probate v. Abbot*, 13 N. H. 21; *Fulford v. Converse*, 54 N. H. 543; *Proprietors v. Davis*, 2 Me. 352; *Larrabee v. Rideout*, 45 Me. 193.

An examination of the authorities leads us to the rule that before trial a plaintiff may become nonsuit as matter of right; after the trial has begun, and before verdict, leave to become nonsuit is in the discretion of the court, and after verdict there can be no nonsuit. It is evident the old rule was modified for the reason that, as a nonsuit is not a bar to a future action, it is necessary that there be protection to a defendant against having to prepare to defend against the same cause of action as often as a plaintiff might see proper to become nonsuit and bring his action over. The costs might be wholly inadequate to compensate him for continued preparation for trial and litigation.

A nonsuit at common law might be voluntary or involuntary. An involuntary nonsuit is for neglect either to appear, or, having appeared, for failure to present evidence to sustain a verdict in his favor, and is ordered against plaintiff's objection. Under our code practice a court has no power to order an involuntary nonsuit. *Williams v. Port*, 9 Ind. 551; *Stults v. Forst*, 135 Ind. 297. A voluntary nonsuit is allowed by the court on the plaintiff's own motion. The plaintiff submits to the court that he has not made, or can not make out, a case, and asks in effect that it be dismissed. A motion by a plaintiff for a nonsuit under our code is a dismissal. *Burns v. Reigelsbeger*, 70 Ind. 522.

"Withdrawing a juror," says Anderson's Law Dictionary, "describes a fiction to which a court may resort when it appears that, owing to some accident or surprise, defect of proof, unexpected and difficult question of law, or like reason, a trial can not proceed without injustice to a party." In Abbott's Trial Brief, pp. 107, 108, it is said: "A judge has power, in his discretion, in case of surprise or other cause which would render the progress of the trial unjust or unfair to either party, to withdraw a juror and postpone the trial." See Abbott's Law Dictionary.

In 2 Burrill's Law Dictionary, it is said: "The withdrawing of a juror is always by the agreement of the parties, and is frequently done at the recommendation of the judge, where it is doubtful whether the action will lie." See, also, 2 Tidd's Prac. (2nd. Am. ed.) 909, and 3 Chitty's Prac. 917, to the same effect; also *Gibbs* v. *Ralph*, 14 M. & W. 804; *Sanderson* v. *Netsor*, R. & M. 402, 21 Eng. Com. L. 472 (780); Arch. Prac. 196.

In *Messenger* v. *Bank*, 48 How. Prac. 542, it was held that the practice there adopted and long settled was that in cases of surprise the court might, upon the plaintiff's application, direct a juror to be withdrawn, and order the case to stand over for trial upon some future day. Citing *People* v. *Judges*, 8 Cowen 127; *People* v. *Olcott*, 2 Johns. Cases 301; *People* v. *Ellis*, 15 Wend. 371; *United States* v. *Coolidge*, 2 Gall. 364. See, also, *Chandler* v. *Bicknell*, 5 Cowen 30; *People* v. *Marks*, 10 How. Prac. 261; *Glendening* v. *Canary*, 5 Daly 489, 64 N. Y. 636.

In *People* v. *Ellis*, 15 Wend. 371, three defendants were put on trial for assault and battery and riot; after the district attorney rested, the defendants offered to prove that on the preceding day two of the defendants were put on trial on the same indictment, and, after the prosecution had given its evidence, the court, on motion of the district attorney, and against defendants' consent, withdrew a juror, to enable him to bring on the trial against the three defendants, which evidence was refused. It was held that the power of the court as to the withdrawal of a juror after the jury was impanneled and sworn, in misdemeanors, rested as much in the exercise of a sound discretion as in civil cases.

In *People* v. *Judges*, 8 Cowen 127, plaintiff failed to prove a material point in his case. The court refused to nonsuit the plaintiff, but permitted him to withdraw a juror. An application afterwards made for mandamus to compel the judges to reinstate the cause was granted because defendant had fraudulently deprived plaintiff of the benefit of certain evidence which would have sustained his case.

In *Chandler* v. *Bicknell*, 5 Cowen 30, the plaintiff unexpectedly failed at the trial to prove the absence from the state of a subscribing witness to a bond so as to let in secondary evidence; on his motion the judge allowed him to withdraw a juror and the cause went off for the circuit. A motion by the defendant for judgment, as in case of nonsuit, was granted.

In *People* v. *Marks*, 10 How. Prac. 261, it is held that in cases of surprise the plaintiff must apply to the court for leave to withdraw a juror, or else submit to a nonsuit; but that he can not after submitting his cause, and finding the verdict against him, ask the court to relieve him on the ground of surprise.

In *United States* v. *Coolidge*, 2 Gall. 364, 25 Fed. Cases 622, the question was whether, when a party is on trial before a jury, and a circumstance occurs which will occasion a total failure of justice if the trial proceed, the court, in such an emergency, had power to withdraw a juror, and it was held that the discretion exists. This case is cited in *State* v. *Walker*, 26 Ind. 346, upon the question of a court's discretion in discharging a jury which has failed to agree upon a verdict.

In the case of *People* v. *Olcott*, 2 Johns. Cases 301, the jury was unable to agree upon a verdict, and the court, without the prisoner's consent ordered a juror to withdraw, and the rest being called and only eleven answering they were discharged. The question afterwards arose whether this discharge of the jury was an acquittal of the defendant, and it was held that it was not. In this case, Chancellor Kent reviews the English authorities upon the question whether the discharge of a jury in a criminal case after being unable to agree upon a verdict operated as an acquittal.

In *Glendening* v. *Canary*, 5 Daly 489, it is said that the court on the trial of civil cases upon being satisfied that any real ground of surprise exists, such as the unexpected absence of witnesses who had been in attendance, or that had

been kept out of the way, the sickness of a juror, party, or counsel, or any other accident occasioned by substantial misapprehension or disappointment, which would render its further progress unjust or unfair to either party, may, in the exercise of a sound discretion, direct the withdrawal of a juror, or discharge the jury and postpone the trial.

In *Yellow Pine Co.* v. *Gutwillig*, 46 N. Y. Supp. 251, it does not appear whether the request to withdraw a juror was for cause or not. No authority is cited, and there is nothing in the opinion from which that fact can be determined. The same is true of the case of *St. John* v. *Duncan*, 2 Monthly L. B. 20, where the plaintiff was allowed to withdraw a juror, on payment of costs, and amend the complaint.

Whether it should be concluded from the above that a juror could be withdrawn only by agreement of parties, or that it might be done upon plaintiff's request, yet we think it can be said that a rule was followed, that leave to withdraw a juror was granted a plaintiff upon cause shown, and that the cause arose during the trial. None of these authorities sustain the position that the court might arbitrarily grant a plaintiff's request to withdraw a juror and then continue the case. In fact, we think, the reasoning leads to the conclusion that the withdrawal of a juror without cause had the effect to dismiss the case. At any rate, the above cases are not authority that a plaintiff might continue the case by simply withdrawing a juror over defendant's objection. Thus in the case of *King* v. *Jeffs*, Strange 984, the court refused, in a case of barratry, to permit a juror to be withdrawn on motion of the prosecutor after he had gone into proof and found himself deficient because the punishment might be infamous, but it was said it might be and had been done in other cases of misdemeanors. In commenting on this case in *People* v. *Olcott*, 2 Johns. Case 301, Chancellor Kent held that that case controls an improper exercise of the power of the court but does not deny its existence; that, "It perhaps admits too much; for to allow the prosecutor, in any case,

to withdraw a juror, because he finds himself not fully prepared in his proofs, is an unreasonable indulgence, unless it should be made to appear that some part of the testimony was wanting through the contrivance ·or agency of the defendant."

In *Planer* v. *Smith*, 40 Wis. 31, the plaintiff, on a trial in replevin, was surprised by certain. testimony on the defendant's part which he was then unable to meet; the court thereupon allowed him to withdraw a juror, but, instead of continuing the cause, gave defendant judgment,dismissing the complaint, and for the value of the property. It was held that the court might, in the proper case, permit a juror to be withdrawn, or to order a nonsuit; that the withdrawal of a juror operates to continue the case and does not entitle defendant to a judgment of any kind. "The judgment before us is erroneous because it was evidently rendered on the. theory that judgment must necessarily follow the withdrawal of a juror. But, were any judgment proper, it should only be a judgment of nonsuit, which, of course, would be no bar to another action for the same cause."

And so under the Indiana code, if a plaintiff stops his case by withdrawing a juror, the defendant is not entitled to a judgment because of such withdrawal. The only judgment that could be rendered would be a judgment of nonsuit, or dismissal. The effect of withdrawing a juror is to stop the case. It can have no other effect. Complete provision is made by the code for stopping a case. A plaintiff may either dismiss, or, upon cause shown, continue. If he wishes to dismiss without prejudice, he may do so, and if he wishes a continuance, he may have it upon sufficient cause shown for a continuance. But the withdrawal of a juror in either case is superfluous. It can give him no additional rights. A court can not arbitrarily continue a case over a defendant's objection. It is not claimed that the affidavit filed when leave was asked to amend is a sufficient affidavit for a continuance. It certainly was not. The case stands as though arbitrarily

continued without cause over defendant's objection. If a plaintiff resorts to the common law practice of withdrawing a juror, its effect must be determined by the provisions of the code governing dismissals and continuances.

The code does not recognize any practice that would permit either party at any stage of the trial without showing cause to continue the case by withdrawing a juror. But to this the practice adopted by the trial court would certainly lead. After appellees had amended their complaint they found they were not prepared to proceed with the trial. No reason has been pointed out why their rights to a continuance then were greater than before the jury was called to try the case. It will certainly not do to say that a plaintiff may continue in the trial until he finds he is unable to prove a material fact in his case, and, without showing any cause for a continuance, withdraw a juror and have the trial postponed over the defendant's objection. The code does not authorize such a proceeding. When appellees withdrew the juror without showing cause sufficient for a continuance, they dismissed their action under the statute, and the costs up to that time were properly adjudged against them. §336 Burns 1894.

After the withdrawal of the juror and the discharge of the jury, appellant's motion to dismiss the case should have been sustained, for the reason that the withdrawal of the juror and discharge of the jury over appellant's objection was in legal effect a dismissal. Judgment reversed.