### HAPGOODS v. LUSCH.

(Supreme Court, Appellate Division, Second Department. December 6, 1907.)

1. NEW TRIAL—SURPRISE—EVIDENCE—APPLICATION FOR RELIEF AT TRIAL.

A plaintiff, who is surprised by evidence which he is not prepared to rebut, in order to be entitled to a new trial on the ground of surprise, must move for an adjournment or for leave to withdraw a juror, unless it appears that he has placed reliance upon statements made by defendant's counsel before the trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 195.]

2. SAME.

The examination of a witness need not be disregarded, or a new trial ordered, because it appears that the opposite party failed to cross-examine the witness when he had an opportunity to do so.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, §§ 195–198.]

3. SAME—DIRECTION OF VERDICT—POWER AND DUTY OF COURT.

Where, in a suit upon a note, the court had concededly before it all the evidence upon which the case in its opinion turned, and the issue thus complete involved no question of fact, it was the duty of the court to decide the case as matter of law, and surprise at the application of the law to the undisputed facts is not a ground for new trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 187.]

Appeal from Special Trial Term, Kings County.

Action by Hapgoods against R. Moffat Lusch on a promissory note. From an order denying a motion to set aside the judgment for defendant on the grounds of surprise, and that the verdict was the result of a mistrial, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, MILLER, JENKS, and HOOKER, JJ.

W. C. Reddy, for appellant.
Theophilus Parsons, for respondent.

JENKS, J. The action was tried at Trial Term. It is insisted that the records clearly show occasion for surprise from the method

of the justice who presided. The records fail to show that the learned counsel for the plaintiff made any sign at the trial that he was surprised, or that he asked either for a continuance or for the withdrawal of a juror. In Dixson v. Brooklyn Heights R. R. Co., 68 App. Div., at page 308, 74 N. Y. Supp. 49, we held that:

"The rule is well settled that a plaintiff who is surprised by evidence which he is not prepared to rebut should move for an adjournment or for leave to withdraw a juror; otherwise he is not entitled to a new trial on the ground of surprise. Baylies N. Tr. & App. 531, and cases there cited; Messenger v. Fourth Nat. Bank of City of New York, 6 Daly, 190; Soule v. Oosterhoudt, 20 Wkly. Dig. 67; Glendening v. Canary, 5 Daly, 489, affirmed, 64 N. Y. 636. It is true that this rule is not inflexible, as where reliance is placed upon statements made by the defendant's counsel before the trial. Unfortunately for the plaintiff, however, nothing whatever is here shown to justify a departure from the general rule."

The record which is before the court reveals that the action is upon a promissory note. The defendant denied that there was any consideration for the note, alleged fraud in its inception, pleaded that the note, given under a written agreement incorporated in the answer, was for a stock subscription which was void and unenforceable, in that the defendant had not paid the 10 per cent. in cash therefor, as provided by section 41 of the Stock Corporation Law (Laws 1892, p. 1835, c. 688), that the defendant had never made any cash payment, and that the note, being dependent on and a part of this void and unenforceable agreement, is also unenforceable. The answer fully informed the plaintiff of the defense, and the course of the trial did not deviate from the issues tendered. The plaintiff read the note in evidence, proved nonpayment, and rested. The court denied the defendant's motion for dismissal and directed the defendant to proceed. During the course of the direct examination of the defendant, the learned court asked whether the note was in pursuance to the agreement set up in the answer. The plaintiff's counsel replied, "Undoubtedly," and then the court asked if the only consideration was the promise to give 25 shares of stock of the company. The counsel replied that it was not quite that way, that the note was in part payment of the subscription; the agreement being that the stock should be held as collateral until the note was paid. The court asked if the transaction was not void, and the counsel answered that it was not, stating that there was authority to the contrary. After further colloquy, the court expressed a doubt whether the action lay, but asked for any further suggestion, whereupon the question was further argued. The court then said, if it was necessary to put in something else to present the question thoroughly to do so, saying:

"It is agreed, is it not, that this note was the entire consideration for 25 shares of stock? Counsel: As expressed in the agreement. * * * The agreement on its face says it is part consideration. Counsel for the defendant: No. Counsel: I am willing to put on the record such a stipulation as this: That this note was made pursuant to the terms of the agreement, a copy of which is attached to the answer; that upon the completion of the transaction the stock was made out and was held as collateral to the note. Counsel for the defendant: We don't admit that. The Court: Put your witness on the stand and prove it."

. Thereupon the president of the plaintiff was called to the stand. When a conversation between the witness and the defendant was call-' ed for, the court said:

"Just confine yourself to the point indicated. If it becomes necessary to try the question of fraud, I will try it; but now I want all the evidence bearing on the question whether this action can be maintained in view of this statute. Counsel: I want to have him state the conversation which occurred when this transaction was made. The Court: You mean when the note was given? Q. Tell what took place when the note was given. A. When the contract was signed, the stock certificate made out, the note was signed, and we were told to hold— The Court: Who told you? Witness: Mr. Lusch told me to hold the stock until the note was paid as security for the note. Q. And that was done? A. That was done. By the Court: Q. You didn't give it to him at all? A. It was tendered to him, but he did not indorse it. I think it was in his hands. The papers were all on the table, and I think the stock was in his hands. The stock was made out at that time, sealed. Q. You still got it as security for the note? A. Yes, sir. Q. And no cash payment was ever made on account of the stock? The price of the stock was $2,500? A. Unless it was in connection with his services. Q. Except as it would appear from the agreement? A. Except as set out in the contract. It was admitted by the plaintiff that the stock in question had not before been issued. The Court: I think that is a good defense. I don't think you can maintain this action. Gentlemen, you will find a verdict for the defendant. Counsel: Note an exception. The Court: You have no other evidence bearing on this phase of the case? Counsel: No."

The point is made that the plaintiff was deprived of the right of cross-examination of the defendant, but it does not appear that the plaintiff ever asked for it. If it had done so, and it had been denied, then a different question would have been presented. Surely the examination of a witness need not be disregarded, or a new trial ordered, because it appears that the opposite party failed to cross-examine a witness whom he could have then examined. The record shows that the case was decided upon the facts elicited by the court, which were either shown by documentary proof, or were not disputed, and that the learned court expressly inquired whether the plaintiff had other evidence upon the phase of the case, and that the plaintiff said it had not. And no request was made for any submission to the jury. When the court had concededly before it all of the evidence upon which the case in its opinion turned, the court had the right to dispose of it as matter of law without further delay. If the court had all of the evidence upon what it judged was the turning point in the case, and if the issue thus complete involved no question of fact, then it was the duty of the court in the due dispatch of litigation to take the case in hand and to end it by a direction, as it did in this case. Surprise at the application of the law to the undisputed facts is not a ground for a new trial.

Order affirmed, with $10 costs and disbursements. All concur, except HIRSCHBERG, P. J., not voting.