Order reversed on the law, with $10 costs and disbursements, and motion to vacate granted, without costs. Memorandum: The Surrogate erroneously granted the motion to withdraw a juror and for a mistrial. The jury reported a verdict on question No. 1. It disagreed on question No. 2. Under section 463 of the Civil Practice Act, the Surrogate, on being satisfied of their inability to agree, should have discharged the jury on his own motion and directed that another jury be drawn to hear the issue, and in view of the disagreement as to question No. 2, the Surrogate should have made an order either directing the retrial of both questions or of question No. 2 only. If the Surrogate ordered the retrial of question No. 2 only, he should have made an order directing the entry and record of the jury’s verdict on question No. 1. The contestant failed to state any grounds which would authorize the Surrogate to grant his motion for the withdrawal of a juror and for a mistrial. The Surrogate had no power to arbitrarily grant contestant’s motion. The withdrawal of a juror is a fiction to which a court may resort when it appears that owing to some accident or surprise, defect of proof, unexpected and difficult questions of law, or like reason a trial cannot proceed without injustice to a party. (21 Encye. P. and P., Trial, § XIII, p. 1002; Abbott’s Civil Jury Trials [5th ed.], § 328, subds. b, c; 26 R. C. L„ Trial, § 19; Glendening v. Canary, 5 Daly 489, affd. 64 N. Y. 636; Wabash r. Co. v. McCormick, 23 Ind. App. 258; Schultse v. Huttlinger, 150 App. Div. 489.) The Surrogate, under subdivision 6 of section 20 of the Surrogate’s Court Act, had the power to vacate the order which he had inadvertently made. (Matter of Shonts, 229 N. Y. 374, 382; Matter of Armstrong, 72 App. Div. 286; Matter of Coogan, 27 Misc. 563, affd. sub nom. People ex rel. Coogan v. Morgan, 45 App. Div. 628, which was affd. 162 N. Y. 613.) A plaintiff cannot submit to a voluntary nonsuit after the case has been submitted to the jury. (Civ. Prac. Act, § 457.) But a court can grant a motion to withdraw a juror after the case has been submitted to the jury. (Ferrars, Raym., Sir T., 84; People v. Olcott, 2 Johns Cas. 301, 304.) An order denying a motion to vacate a void order is appealable. (6 Carmody on New York Pleading and Practice, § 18; Milton Holding Corporation v. Cross, 193 N. Y. S. 75; Testing Laboratories of New York, Inc., v. Krainin, 124 Misc. 667.) An appeal does not lie from an order granting a mistrial. The proper procedure is a motion to vacate the order. (Fine v. Cummins, 260 App. Div. 569.) All concur. (The order *948 denies proponent’s motion to vacate an order for the withdrawal of a juror.) Present — Taylor, P. J., Dowling, Harris, MeCurn and Love, JJ.