## PLANER vs. SMITH.

PRACTICE. *(1) Effect of permitting juror to be withdrawn. (2) When judgment of nonsuit in such case erroneous. (3, 4) Judgment on the merits, in such case, erroneous. (5, 6)* VACATING JUDGMENT. *When order refusing to vacate not appealable.*

1. The withdrawal of a juror (which the circuit court may permit in a proper case) operates to *continue* the cause, and does not of itself entitle the defendant to a judgment of any kind.
2. Where a nonsuit is properly granted, the withdrawal of a juror as preliminary thereto is entirely superfluous and harmless; but if judgment of nonsuit be rendered merely *because* a juror has been withdrawn, it is erroneous.
3. Where plaintiff, being surprised by testimony on defendant's part, is per-

Planer vs. Smith.

mitted to withdraw a juror, it is error to render a judgment against him on the merits, which bars another action for the same cause.

4. Thus, in replevin, where plaintiff has possession of the property, a judgment against him, after he has withdrawn a juror, for the value of the property or for the return thereof to defendant, is erroneous.

5. In such a case, a motion to vacate the judgment against the plaintiff for the value of the property and for costs, on the grounds that the order of the court had merely directed a return of the property to defendant and a judgment in his favor for the costs, and that there had never been any assessment of the value, goes only to the *form* of the judgment, and does not state valid grounds for vacating it altogether; and an order denying such a motion does not affect any substantial right, and is not appealable.

6. An appeal from an order refusing to vacate a judgment cannot be made to perform the functions of a writ of error or an appeal from the judgment.

APPEAL from the Circuit Court for *Manitowoc* County.

Replevin, for a billiard table of the alleged value of three hundred dollars. The property was replevied, and delivered to the plaintiff. The complaint is in the usual form, alleging that the defendant wrongfully detains the property. The answer is: 1. A general denial; 2. An averment that the property belongs to the defendant and his copartner, one Koebke. The value of the property is admitted to be three hundred dollars, for which sum the defendant demanded judgment, but did not demand a return of the property.

On the trial, the plaintiff was surprised by certain testimony on the part of the defendant, which he was then unable to rebut, and which, unrebutted, would probably have been fatal to the action. The court thereupon allowed him to withdraw a juror; but, instead of continuing the cause to another term, or impaneling a jury at the same term for the trial thereof, the court gave judgment for the defendant, dismissing the complaint, and for the value of the property ($300) and costs of suit. The judgment is against the surety in the undertaking executed on the delivery of the property to the plaintiff, as well as against the plaintiff.

At the same term, the plaintiff obtained an order to show cause why the judgment should not be vacated, for the following reasons: 1. That the only order for judgment ever made in the action "was an order for the return of the property in suit, and for a judgment for costs;" whereas the judgment entered "was an absolute money judgment for $300, besides costs and disbursements." 2. That the judgment "was entered for $300 damages, purporting to be the amount assessed by the court as the value of the property replevied, whereas it does not appear that any assessment of the value of said property was ever made by this court." 3. That no order had ever been entered for judgment against the surety. The surety did not join in the application, and has made no objection to the judgment.

From an order refusing to vacate the judgment, the defendant appealed.

Briefs were filed by *Greene & Nash* for the appellant, and *H. G. & W. J. Turner* for the respondent. At the oral argument, *David Taylor* appeared for the appellant, and *W. F. Vilas* for the respondent.

LYON, J. The power of the circuit court, in a proper case, to permit a juror to be withdrawn, or to order a nonsuit, is undoubted; but there is no necessary connection between the two processes. The withdrawal of a juror operates to continue the cause, and does not of itself entitle the defendant to a judgment of any kind. If a nonsuit be properly granted, the withdrawal of a juror as preliminary thereto is entirely superfluous and harmless. But if judgment of nonsuit be rendered merely because a juror has been withdrawn, such judgment is founded upon a misapprehension of the legal effect of withdrawing a juror, and is erroneous. 2 Tidd's Pr., 862; 1 Arch. Pr., 282; *Stodhart v. Johnson*, 3 Term, 657; *Sanderson v. Nestor*, Ryan & M., 402; *Everett v. Youells*, 3 B. & A., 349; *The People v. Olcott*, 2 Johns. Cas., 301;

VOL. XL.—3

*Chandler v. Bicknell*, 5 Cow., 30; *The People v. Judges of New York*, 8 id., 127; *The People v. Ellis*, 15 Wend., 371.

The judgment before us is erroneous because it was evidently rendered on the theory that judgment must necessarily follow the withdrawal of a juror. But were any judgment proper, it should only be a judgment of nonsuit, which, of course, would be no bar to another action for the same cause.

This, however, is an absolute judgment, disposing of the merits of the controversy, and it would be none the less so were it for the return of the property instead of being for the value thereof. In either form it would bar another action for the same property; and hence, in either form, would be erroneous.

The motion to vacate the judgment goes only to form. It fails to reach vital defects. It does not seek to avoid the judgment because none should have been rendered, nor to change it from a final judgment on the merits to one of nonsuit. But, did the motion specify valid grounds for vacating the judgment, it would not avail the plaintiff on this appeal. It has often been held that an appeal from an order like that from which the present appeal was taken, cannot be made to perform the functions of a writ of error, or of an appeal from the judgment. *Edwards v. Janesville*, 14 Wis., 26, and cases cited.

We think the plaintiff has mistaken his remedy, and that the order from which this appeal was taken affects no substantial right of the plaintiff.

*By the Court.* — Appeal dismissed.