ANNA MEASECK, as Administratrix of the Estate of HOWARD O. MEASECK, Deceased, Respondent, *v.* FRANCIS NOBLE et al., Appellants.

Third Department, August 13, 1959.

20

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Oliver, Scully & Delaney* (*John J. Scully* of counsel), for appellants.

*Leary, Fullerton & Sweeney* (*Michael E. Sweeney, Walter A. Fullerton* and *Walter M. Stroup* of counsel), for respondent.

HERLIHY, J. The decedent, while the driver of an automobile, was killed on May 3, 1957 when the said automobile was in a collision with one owned and operated by the defendants on the Glens Falls-Saratoga Road, known as Route No. 9.

We are satisfied from an examination of the record that the evidence justified the verdict rendered herein and would affirm except for what appears to be an error of sufficient substance and materiality to warrant a reversal and new trial.

It is agreed that after the jury recessed to deliberate as to a verdict, one of its members became ill and left the jury room and that some hours thereafter when the jury returned to the courtroom only 11 were present and reporting. The record seems to infer that before taking the verdict, some conferences took place — not part of the record — between the court and the respective attorneys. Thereafter, the court, without objection, received the verdict of the jury, reported as unanimous for the plaintiff. At this stage of the proceedings the attorney for the defendants objected to its receipt and filing and requested that a juror be withdrawn and a mistrial directed. Plaintiff first contends that the attorney for the defendants — by permitting the court to receive the verdict without objection — waived any rights he might have as to it being a proper verdict. We determine that such action by the attorney for the defendants did not constitute a waiver, that he might have properly objected to the receipt of the verdict on the grounds that the jury was not properly constituted but having failed to do this — purposely or not — he had the further right to object to the verdict.

The plaintiff further contends that the jury was properly constituted and that the verdict was proper, citing an amendment which permits the receipt of a verdict by less than 12 jurors. A legal jury, according to the common law, consists of 12 persons. (*Cancemi* v. *People*, 18 N. Y. 128, 135–136.) It has been guaranteed by the Constitution. (*Diederich* v. *American News Co.*, 128 F. 2d 144, 145–146.) This amendment, section 463-a of the Civil Practice Act, permits in cases of this kind the receipt of a verdict when not less than five sixths "of the jurors constituting a *jury* * * * and no *jury* shall be discharged". (Italics supplied.) Such changes did not alter or amend section 448 entitled "Persons who constitute the jury" which states in part: "The first twelve persons * * * approved * * * must be sworn and constitute the jury to try the issues."

The fact that the 11 reporting jurors were in agreement is of little solace to the plaintiff. In the absence of stipulation or consent on the record to receive a verdict of less than the constituted number (12), the verdict of the jury was a nullity. The defendants have been deprived of a substantial constitutional right — the presence of 12 jurors sworn to try, hear and determine the issues — and the addition of section 463-a was never intended to amend or alter this basic principle. This amendment made by the 1938 Constitutional Convention that "A verdict may be rendered by not less than five-sixths of the jurors *constituting a jury in any civil case* * * *" was to overcome the number of disagreements in civil actions. (Emphasis supplied.) It did not change the quantum as to what constitutes a legal jury but only the quantum as to the rendering of a verdict not unanimous by a legally constituted jury.

Because of the novel and unique situation here, the 11 jurors present all voting in favor of the plaintiff, it is unfortunate that a new trial is necessary. However, we have no authority to change a basic constitutional right such as here present.

The judgment and order should be reversed on the law.

BERGAN, J. P., COON, GIBSON and REYNOLDS, JJ., concur.

Judgment and order reversed, on the law, and a new trial granted, with costs to abide the event.