448 P.2d 94

**Bernard LeROY, Special Administrator for the Estate of Edward Maxwell Pacheco, deceased, Appellant,**

v.

**Morris Henry PHILLIPS and Jo Ann Phillips, husband and wife, Appellees.**

No. 2 CA–CIV 543.

Court of Appeals of Arizona.

Dec. 10, 1968.

Robert J. Hirsh, Tucson, for appellant.

John L. Claborne, Tucson, for appellees.

KRUCKER, Judge.

Action for wrongful death by appellant Bernard LeRoy, Special Administrator of the estate of Edward Maxwell Pacheco, deceased. Trial commenced on July 10, 1967, and was completed the evening of July 15, 1967, resulting in a jury verdict in favor of the defendants, Morris Henry Phillips and wife. Judgment was entered July 19, 1967.

The sole question presented to this court for decision is whether a verdict in a civil case, by a jury composed of only eleven jurors, may be sustained as a matter of law without the consent of the parties.

The circumstances precipitating this appeal are as follows. The jury had retired

to deliberate on a Saturday evening, and about 9:20 p. m. the bailiff called the trial judge at his home informing him that the jury foreman, Mr. Robert Smith, had indicated that one of the jurors, Mr. Albert Preciado, had stated in the juryroom that he had been acquainted with the deceased. The court thereupon advised the bailiff to instruct the foreman not to have Mr. Preciado participate any further in the deliberations of the jury and further instructed the bailiff to call the attorneys to come to the courthouse.

At about 9:50 p. m. the judge arrived and the bailiff indicated that the jury had reached a verdict. A conference was held among the court and the attorneys for both sides, and the court stated that the verdict would be accepted *without prejudice to future rights of the parties.*

The verdict was duly read by the clerk, and the jury was polled the following Monday by the attorney for appellant, indicating a unanimous verdict of the eleven jurors in favor of the defendant. Appellant contends that there is no provision for a jury less than twelve jurors unless it is by consent of the parties. Arizona Constitution, Art. 2 § 23, 1 A.R.S.; A.R.S. § 21–102.

> "A. A trial jury in a court of record shall be composed of twelve persons, unless in a civil action the parties consent to try the action with a lesser number, not less than three. The consent shall be entered in the minutes of the trial."

\* \* \* \* \* \*

■ At common law, if a juror became incapacitated or for any reason discharged, a proper course was to declare a mistrial and start anew. 53 Am.Jur. Trials § 985. Some states have statutory procedures governing such circumstances, but Arizona has none.

■ In polling the jury, all twelve jurors were polled, and Mr. Preciado, the juror who had been removed by the court without consulting counsel, and in our belief, erroneously removed, still answered that this was his verdict. Appellees, or defendants, contend that there is no error for three reasons: First, the jury verdict, properly received by the court indicating a unanimous decision, cannot thereafter be impeached by testimony of the jurors or of the court; second, that the appellant waived his right to raise the issue of a 12-man jury by consenting to allow the verdict to be rendered; and third, there is no showing that appellant's rights were prejudiced by the alleged misconduct of the juror or the court.

■ We can consider these three propositions together. It is true that a jury verdict cannot be impeached by testimony or affidavits of the jurors or the court. Hall v. Delvat, 95 Ariz. 286, 389 P.2d 692 (1964); Swinehart v. Baker, 6 Ariz.App. 30, 429 P.2d 522 (1967); Gorski v. J. C. Penney Co., 103 Ariz. 404, 442 P.2d 851 (1968).

■ ■ It is also true that where counsel is confronted with a situation such as in this case, a decision should be made as to the way to proceed. 99 A.L.R.2d 684. However, we can see no waiver because the court stated that the verdict would be accepted *without prejudice to future rights of the parties,* and appellant's counsel did make a motion for a new trial before the verdict was returned. The proper motion would have been a motion for mistrial since the court had excused the twelfth juror without consulting counsel and without consent of the parties. Appellees cite Worthington v. Funk, 7 Ariz.App. 595, 442 P.2d 153 (1968). In that case, no motion for relief was made at any time, and it was held that the failure to make a motion for a new trial or other relief was a waiver. Such is not the case here.

As to whether the appellant's rights were prejudiced by what occurred, it is alleged that they were not, and that any conduct of the twelfth juror in no way influenced the ultimate verdict rendered. In Simpson v. Heiderich, 4 Ariz.App. 232, 419 P.2d 362 (1966), this court held that alleged misconduct of a juror would be reversible error warranting a new trial only where the verdict was influenced by the misconduct.

**526**

It is stated that the verdict being unanimous, no prejudice is shown and the result would have been the same if the juror had been allowed to participate in arriving at the verdict.

In the case of Measeck v. Noble, 9 A.D. 2d 19, 189 N.Y.S.2d 748 (1959), which case is on all fours with the case before us, the court held that the proceeding was a nullity because there were only eleven jurors deliberating; the twelfth juror having become ill, departed from consideration of the case.

■■ That a juror did not deliberate for some thirty minutes in a total deliberation period of several hours would constitute the basis of error. Measeck v. Noble, supra; Gorski v. J. C. Penney Co., supra. And since the removal of the juror was at the order of the trial court, the fact may properly be shown, not being such as would require proof by testimony of jurors.

However, it must appear that the appellant's cause was prejudiced by the error before reversal will be required. Rule 61, Arizona Rules of Civil Procedure, 16 A.R.S.; Simpson v. Heiderich, supra; Arizona Constitution, Art. 6 § 27, 1 A.R.S.

While the cases above clearly establish the principal that testimony of affidavits of jurors may not be used to impeach a verdict, our Supreme Court has utilized such evidence as a means of *supporting* a verdict. State v. Holden, 88 Ariz. 43, 352 P.2d 705 (1960).

■ The jury was polled, including Mr. Preciado, and each indicated that his verdict was for the defendants.

"* * * [W]here unanimous verdict is not required * * * misconduct will be deemed harmless if a sufficient number assent to the verdict to sustain it, excluding those who were in any way cognizant of, or affected by, the misconduct * *." Simpson v. Heiderich, 4 Ariz.App., at 234, 419 P.2d, at 364.

Here we allow the verdict to stand, though one juror did not participate in part of the deliberations. Our Constitution prohibits reversal for "* * * technical error in * * * proceedings when upon the whole case it shall appear that substantial justice has been done." Arizona Constitution, Art. 6 § 27, 1 A.R.S. On the whole case we can find no substantial injustice here, notwithstanding that we disapprove of the method used in eliminating the twelfth juror by the trial court.

Judgment affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.