STATE EX REL. POLK, Appellant, v. JOHNSON, Respondent.

*No. 266.   Argued April 28, 1970.—Decided June 2, 1970.*
(Also reported in 177 N. W. 2d 122.)

For the appellant the cause was argued by *Gerald C. Kops,* assistant corporation counsel of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *Robert P. Russell,* corporation counsel.

For the respondent there was a brief and oral argument by *Max E. Geline* of Milwaukee.

BEILFUSS, J.   The issue is:

Did the trial court err in directing a verdict for the defendant after excusing a juror for cause?

A capsule resumé of the evidence may be helpful in reviewing the trial court's orders and judgment.

The testimony of the complainant reveals she bore a child out of wedlock January 5, 1968. She testified the only person with whom she had sexual intercourse during the period of conception was the defendant, Charles Johnson. Johnson was married, the father of five children, but was separated from his wife. The complainant stated she had been seeing the defendant steadily since August, 1966, but not as what she considered "socially going out." Their relationship consisted of numerous visits to various motels and sexual relationships in cars or at her home over a period of several months.

The complainant further testified that another man had engaged in an abnormal sexual act with her during the period of conception. She stated, however, that no act of normal sexual intercourse was engaged in with him or any man except the defendant during that time period.

The plaintiff put in additional evidence to corroborate her testimony regarding the defendant's visit to her home during the period of conception and then rested. At the close of the plaintiff's case the defendant moved for the dismissal of the complaint on the grounds the evidence was of such an incredible character it would not permit a jury to find a clear and convincing preponderance of the evidence in support of the plaintiff's claims.

Without argument by plaintiff's counsel on the motion the trial court denied it, stating:

*"The court:* Let me say this, if counsel had—if this was a matter for the Court to decide, I probably wouldn't have any question today; however, there's a jury here and I think I would be invading the province of the jury. What I may decide here might be one thing but the

jury—there is evidence in—and sufficient evidence for the jury to find, and I'm going to deny the motion."

The defense then began the presentation of its case by calling the defendant Charles Johnson. His testimony was interrupted and one of the jurors struck as indicated in the statement of facts.

After plaintiff's counsel refused to stipulate to proceed with eleven jurors, the following colloquy took place:

*"The court:* On the basis of that this Court was on the dividing line as to whether or not to direct a directed verdict in favor of the defendant, however, this—
*"Mr. Kops:* Might I at least, Your Honor, be allowed to argue that motion. That motion was denied but I never got a chance to argue that particular motion.
*"The court:* Motion for what?
*"Mr. Kops:* Directed verdict, I never was given a chance.
*"The court:* You will be given that chance right now."

The plaintiff was then afforded an opportunity to argue against the directed verdict motion, which the trial court thereafter granted sua sponte.

The Wisconsin rule respecting a mistrial when a juror has been disqualified appears to be clear. In *Planer v. Smith* (1876), 40 Wis. 31, 33, 34, this court said:

"The power of the circuit court, in a proper case, to permit a juror to be withdrawn, or to order a nonsuit, is undoubted; but there is no necessary connection between the two processes. The withdrawal of a juror operates to continue the cause, and does not of itself entitle the defendant to a judgment of any kind. If a nonsuit be properly granted, the withdrawal of a juror as preliminary thereto is entirely superfluous and harmless. But if judgment of nonsuit be rendered merely because a juror has been withdrawn, such judgment is founded upon a misapprehension of the legal effect of withdrawing a juror, and is erroneous. 2 Tidd's Pr., 862; 1 Arch. Pr., 282; *Stodhart v. Johnson,* 3 Term, 657; *Sanderson v. Nestor, Ryan & M.,* 402; *Everett v. Youells,*

3 B. & A., 349; *The People v. Olcott*, 2 Johns. Cas., 301; *Chandler v. Bicknell*, 5 Cow., 30; *The People v. Judges of New York*, 8 *id.*, 127; *The People v. Ellis*, 15 Wend., 371.

"The judgment before us is erroneous because it was evidently rendered on the theory that judgment must necessarily follow the withdrawal of a juror. But were any judgment proper, it should only be a judgment of nonsuit, which, of course, would be no bar to another action for the same cause.

"This, however, is an absolute judgment, disposing of the merits of the controversy, and it would be none the less so were it for the return of the property instead of being for the value thereof. In either form it would bar another action for the same property; and hence, in either form, would be erroneous."

The procedural doctrine set forth in *Planer* was re-affirmed in *Frion v. Craig* (1957), 274 Wis. 550, 80 N. W. 2d 808. That was a personal injury action and involved alleged misconduct by a juror during trial. The plaintiff had moved the juror be excused and the trial proceed with eleven jurors. The motion was denied and the trial proceeded to judgment. The decision on appeal was principally concerned with the propriety of the alleged misconduct, but the court said, by way of *dicta* in an opinion by Mr. Justice CURRIE, at pages 554, 555:

"A motion to withdraw a juror was a device resorted to in order to obtain a continuance for cause after the jury had been impaneled and the trial was in progress. *Planer v. Smith* (1876), 40 Wis. 31; Anno. 48 L. R. A. 432; and 53 Am. Jur., Trial, p. 679; sec. 966. It is seldom if ever resorted to nowadays in the practice. *When such a motion is granted, a mistrial automatically results from the withdrawal of the juror*, thus ending the trial. It is clear from the wording of the motion of plaintiff's counsel in the instant case that this was not the relief sought because of the express request that the trial proceed with 11 jurors. Counsel's motion should have requested a declaration of a mistrial, if counsel deemed that the interests of his client had been prejudiced by the alleged misconduct of the juror Solberg. Counsel must have

known that the trial court possessed no power to excuse a juror at this stage of the trial and proceed with 11 jurors in the absence of any stipulation to such effect from opposing counsel." (Emphasis supplied.)

It is submitted that the rule of *Planer v. Smith, supra,* clearly requires either a declaration of a mistrial or, at most, the granting of a nonsuit with the right to plead over. The language of Justice LYON is determinative when he says, at page 34: "But were any judgment proper, it should only be a judgment of nonsuit, which, of course, would be no bar to another action for the same cause." Likewise, the statement quoted above from *Frion v. Craig, supra,* even though *dicta,* is an accurate statement of the law as it applies to this case.

The defendant urges that the trial court has the authority to grant a directed verdict at any point during the trial of a matter, even after the entry of a nonsuit as in *Adams v. Snow* (1900), 106 Wis. 152, 81 N. W. 983. The trial court agreed with this view and stated:

"The jury being out of the picture and unable to decide the facts in this case placed the responsibility then on the shoulders of this court. Corporation Counsel's refusal to stipulate left this court with no alternative except to grant the motion for a mistrial or direct a verdict so that the matter could not be started over. The court thereupon advised the attorney for the defendant that he would at this time grant his motion to dismiss the complaint. However, the granting of a nonsuit would not stop the Corporation Counsel from starting the matter over again and the court in the interests of justice after granting the nonsuit did on its own motion grant a directed verdict, under the authority of *Adams v. Snow,* 106 Wis. 152, where the court held it was not error to direct a verdict for the defendant immediately after a nonsuit is granted."

The facts of *Adams v. Snow, supra,* are so completely different that the case has no application. In *Adams v. Snow* the court granted a motion for nonsuit and im-

mediately thereafter concluded the evidence was overwhelmingly against the plaintiff in a negligence action and sua sponte granted a directed verdict. In this case the motion was granted after the plaintiff refused to proceed with eleven jurors.

The plaintiff argues the trial court was motivated in granting the directed verdict at this point solely because a juror had been disqualified,[1] a procedure specifically forbidden in *Planer, supra,* page 33:

"If a nonsuit be properly granted, the withdrawal of a juror as preliminary thereto is entirely superfluous and harmless. But if judgment of nonsuit be rendered *merely because a juror has been withdrawn,* such judgment is founded upon a misapprehension of the legal effect of withdrawing a juror, and is erroneous." (Emphasis supplied.)

The record supports the plaintiff's contention that this factor was the prime moving force in granting the directed verdict. In denying the original motion for dismissal the court recognized the jury's right to pass upon the credibility of the witnesses. The court stated:

*"The court:* Let me say this, if counsel had—if this was a matter for the Court to decide, I probably wouldn't have any question today; however, there's a jury here and I think I would be invading the province of the jury. What I may decide here might be one thing but the jury—there is evidence in—and sufficient evidence for the jury to find, and I'm going to deny the motion."

In its memorandum decision the trial court also indicated:

"Had this matter been before the court rather than a jury it would have been disposed of as soon as the

---

[1] It is clear the trial court granted the motion upon the additional grounds that it did not believe the testimony of the complaining witness and was of the opinion that defendant, the court, and the state should not be forced to expend time and funds for a new trial upon this kind of testimony.

State's evidence was in, and in short order. However, being a jury trial it was beyond the authority of this court at the time there was a jury to make the determination and for this court to invade the province of a jury and make a determination of fact notwithstanding the fact that this court believed without doubt that the complaining witness was not telling the truth. With a jury only the jury had this right to make this determination. However, at the time the juror indicated that she remembered the defendant and after questioning by the court and by the Corporation Counsel, she was dismissed, the court had no alternative but to request both counsel to agree and to stipulate to a trial by eleven jurors."

The only evidence adduced between the time the trial court first denied the motion to dismiss and the juror disqualification was the presentation by the defense of testimony regarding defendant's background and occupation. There is nothing in the testimony of the defendant at that stage which can in any way affect the credibility of other witnesses. We are constrained to conclude that the trial court ordered the directed verdict at that point because the juror had been excused, a procedure clearly condemned by *Planer, supra*. When a juror is struck a litigant is not required to proceed with eleven jurors in a civil case even though a verdict agreed to by ten of eleven jurors would satisfy our five-sixths verdict requirement. Our statutory [2] jury is twelve persons and any litigant can insist upon having the recollections, arguments and conclusion of all twelve jurors during the jury's deliberations. Without twelve jurors, and without a stipulation to proceed with less than twelve, the litigant is entitled to a mistrial.

*By the Court.*—Judgment reversed and cause remanded for a new trial.

---

[2] With exceptions not material to this case.