James B. Kane, J.
During the course of its deliberations in these wrongful death actions, the jury requested further instruction upon a voting question. It appeared that the jury had decided, or was about to decide, in favor of the plaintiffs on the issue of liability by a vote of 5-1. The jury wished to know whether or not the dissenting juror should be permitted to participate on the issue relating to damages. The court then consulted in chambers with the attorneys for all parties who stated their respective positions. The attorney for the plaintiff, John Ashdown, as executor of the estate of Flora Ashdown, deceased (hereinafter Ashdown) urged the court to instruct the jury that the dissenter should not be permitted to participate, and he was supported in this position by the attorney for the other plaintiff, Karl Kluckhohn, as executor of the estate of Marilyn Kluckhohn, deceased (hereinafter Kluckhohn). The attorneys for the defendants urged that the dissenter should be permitted to participate.
The court then instructed the jury that the dissenter should not participate upon the issue of damages. There were no objections made by the plaintiffs’ attorneys. Both attorneys for the defendants objected on the record, and their objections were denied.
Thereafter, the jury returned a verdict, by a vote of 5-1, in favor of the plaintiff Ashdown in the amount of $80,000 and in favor of the plaintiff Kluckhohn in the adjusted amount of $10,000. (The actual Kluckhohn verdict was $100,000, but it was reduced to $10,000 pursuant to the provisions of CPLR 1411 upon finding that the decedent Marilyn Kluckhohn was 90% negligent.)
Thereafter, Ashdown’s attorney moved to have the verdict set aside upon the grounds (a) that error was committed in excluding the dissenting juror from participation on the issue of damages and (b) that the verdict was inadequate. The attorneys for the defendants have now withdrawn their objections to the challenged instruction.
The first objection raises a difficult question. It is undoubtedly true that under normal circumstances each member of a *620 jury should be permitted full participation upon each and every issue which is presented to it for resolution, and that it is the unusual situation where there may be a departure from this policy.
The court believes that this case is one of those rare situations. Parties are permitted a fairly wide latitude in the presentations of their cases, and in the manner in which they are determined. As was stated in Neumann v Kurek (175 Misc 238, 240, affd 264 App Div 751): " 'Civil suits relate to and affect, as to the parties against whom they are brought, only individual rights which are within their individual control and which they may part with at their pleasure. The design of such suits is the enforcement of merely private obligations and duties. Any departure from legal rules in the conduct of such suits, with the consent of the defendants, is therefore a voluntary relinquishment of what belongs to the defendants exclusively; and hence there is manifest propriety in the law allowing such consent to have the effect designed by it, in most cases, as to matters within the jurisdiction of the courts.’ ”
Thus, a party may agree to accept a verdict from a jury which is composed of less members than the full number authorized (Giovanniello v Germeroth, 243 App Div 624), and a party may agree to accept as valid a verdict which represents less than % of the jury (Neumann v Kurek, supra).
Therefore, if a party wishes his amount of damages to be determined only by those members of the jury who found in his favor upon the question of liability, then it seems to this court that such a request may be honored under the above holdings. For instance, in Murphy v Sherman Transfer Co. (62 Misc 2d 960) the court required that the % of the jury which agreed on liability be the same s/e which agreed on damages.
Ashdown urges the case of Measeck v Noble (9 AD2d 19) as supporting his position. There, a verdict returned by a jury composed of only 11 members was received without objection by the defendant. The court held that in the absence of a stipulation or consent on the record, the defendant’s silence did not constitute a nonreviewable waiver. (Cf. Giovanniello v Germeroth, supra.) Here, however, the plaintiff, Ashdown, not only did not object to the instruction but affirmatively urged the court to give the instruction. As Professor David D. Siegel has noted in his Supplementary Practice Commentary (McKinney’s Cons Laws of NY, CPLR 4110-b, 1976-1977 Pocket *621 Part, p 70): "It is clear that if a request to charge is made and adopted, its proponent cannot afterwards complain if it turns out to be erroneous. He has represented the law to be thus- and-so to the court and if the court accepts it a kind of estoppel works against its advocate.”
Assuming that the instruction was erroneous, this court further believes that the plaintiffs objection is now untimely. Although CPLR 4110-b provides that no party may assign as error the giving of a particular instruction unless he objects thereto before the jury retires (and this was not done here), this provision does not restrict the power of a reviewing court to consider untimely objections, particularly where the error is claimed to be fundamental (Di Grazia v Castronova, 48 AD2d 249, 251-252). However, this court does not believe that the instruction, if erroneous it be, adversely affected the amount of the recovery or resulted in a decision which was contrary to the clear dictates of justice (4 Weinstein-KornMiller, NY Civ Prac, pars 4017.05, 4017.09), Ashdown had the full benefit of the jury’s deliberations on the question of liability, and the full benefit of the deliberations of the requisite majority of the jury which found for him on the liability issue. How the plaintiffs monetary interests would have been furthered by the dissenting juror is not clear. The error, if any, is harmless, and this branch of the motion should be denied.
The motion to set aside the verdict upon the grounds of inadequacy is also denied. It is within the range of reasonableness, and is not so low as to be shocking or offensive to one’s sense of justice when considered in light of the facts of this case. There are present here no extraordinary circumstances which would justify a disturbance of the jury’s award. (Lewis v Mecca 56 AD2d 716.) Ashdown argues that it is low when compared with the award rendered in the Kluckhohn case, but this court will not speculate upon the jury’s reasons for the respective valuations.
Motions denied.