116

Sandra M. Waldman, Appellant, v Maurice Cohen et al., Respondents.

Second Department, February 23, 1987

**APPEARANCES OF COUNSEL**

*Levy, Phillips & Konigsberg (Steven J. Phillips* and *Diane Paolicelli* of counsel), for appellant.

*Ivone, Devine & Jensen (Robert Devine* of counsel), for respondents.

**OPINION OF THE COURT**

SPATT, J.

In a civil case, a verdict rendered by a jury consisting of fewer than six jurors is a nullity in the absence of consent by all parties.

I

This medical malpractice suit arises from the defendants' alleged negligent treatment of the 27-year-old, childless plaintiff for a cancerous cyst on her ovary resulting in a total hysterectomy. The trial lasted in excess of three weeks. Unfortunately, the six-person jury had only two alternate jurors who were both excused during the course of the trial.* On April 9, 1984, the morning of summations and charge, one of the remaining six jurors suffered a heart attack. The trial court then consulted both attorneys as to how to proceed. The plaintiff's attorney requested that the case "proceed with a five person jury requiring a unanimous verdict rather than a five-sixths verdict". The defendants' counsel refused to join in this application and moved for a mistrial. The Trial Judge denied the motion for a mistrial and directed that the trial proceed with five jurors who would be instructed to render a unanimous verdict.

The summations and charge followed. The jury then began its deliberations which continued until the following day. Late that afternoon, counsel were advised that the jury had reached a verdict. Just before the verdict was taken in open court, the plaintiff's attorney made the following statement on the record:

"MR. PHILLIPS [plaintiff's attorney]: Before the jury comes in, I would like to put one thing on the record.

"THE COURT: Before the verdict?

"MR. PHILLIPS: Yes, before the verdict. Your Honor, in making the application which I did at the time that we lost the sixth juror, I made that application because I believe that a complete record should be made including the verdict.

"In light of the defendant's [sic] unwillingness to go along with my application, I want to state on the record that I am

---

* We note that in cases where there is a possibility of a long trial, it is the responsibility of the Trial Judge to insure that a sufficient number of alternates are impaneled. In a case such as this, four or even six alternate jurors should have been selected (see, CPLR 4106).

not waiving, on my client's behalf, any rights that she might have on this record with respect to the constitution of the jury.

"THE COURT: You are saying because defendant *[sic]* did not go along with the limited jury that you did not consent to the limited jury.

"MR. PHILLIPS: I am not waiving her rights. I have asked for the limited jury but I am not waiving whatever rights my client may have, whatever they may be".

The five-person jury returned a unanimous verdict in favor of the defendants. The plaintiff moved to set aside the verdict on the ground that the jury was improperly constituted and that "without the opportunity to perform any type of research * * * as to what the state of the law was I made an application" and that he had placed his client in a "heads-I-lose, tails-you-win" situation. The Trial Judge denied the plaintiff's motion to set aside the verdict holding, in effect, that the plaintiff consented to the five-person unanimous jury and "cannot now contend that the procedure she herself advocated was improper". In addition, the court ruled that counsel's statement on the record prior to the verdict was ineffectual since the "plaintiff cannot have it both ways".

We reverse and grant a new trial.

## II

In a civil case, "[a] jury shall be composed of six persons" (CPLR 4104). A verdict may be rendered by not less than five sixths of the jurors constituting a jury (NY Const, art I, § 2; CPLR 4113 [a]). The issue before us is the effect of the five-person unanimous verdict in the absence of consent by both parties. Stated otherwise, could the plaintiff's attorney effectively unilaterally consent to the five-person unanimous jury?

In the seminal appellate decision to date, it was earlier determined by the Appellate Division, Third Department, in *Measeck v Noble* (9 AD2d 19, 21), that "[i]n the absence of stipulation or consent on the record to receive a verdict of less than the constituted number * * * the verdict of the jury was a nullity". In *Measeck,* after the 12-person jury recessed to deliberate, one of its members became ill and left the jury room. Some hours later when the jury returned to the courtroom to report their verdict, only 11 jurors were present. Although some off-the-record conferences between the court and counsel took place, the court received the verdict in favor

of the plaintiff without objection by either party. After the verdict was rendered, the defendants' counsel objected to its receipt and unsuccessfully moved for a mistrial. The Third Department held that the verdict of less than 12 jurors was a nullity absent consent by all parties, stating that "we have no authority to change a basic constitutional right such as here present" *(Measeck v Noble, supra,* at p 21).

The statutorily mandated minimum number of six jurors, with a requirement of at least a five-sixths vote is based, in part, on the traditional freedom to disagree accorded to a minority juror. In *Schabe v Hampton Bays Union Free School Dist.* (103 AD2d 418, 427-428), Justice Lazer enunciated our concern with the sanctity of the six-person jury, as follows: "The paramount importance of maintaining the independence and intellectual integrity of each juror is underscored by cases holding that all of the statutory number of jurors must participate in the decision-making process so that nonparticipation by a juror—whether due to illness or other cause—is destructive to a verdict, even where unanimity is not a requisite (see, e.g., *Measeck v Noble,* 9 AD2d 19; *Johnson v Holzemer,* 263 Minn 227; *City of Flat River v Edgar,* 412 SW2d 537 [Mo]). These cases illustrate the principle that participation by less than all of its members deprives the jury of the reflections and judgment of an individual who might have opposed the verdict and might have persuaded one or more of the other jurors of the wisdom of his position (see Comment, Courts: Jurors Dissenting on Special Verdict Issue Excluded From Subsequent Deliberations, 61 Minn L Rev 151, 161; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4113.03)".

From our examination of the New York State Constitution and the statutes and cases interpreting these provisions, it is clear that absent the consent of all parties, unanimity of five jurors is not interchangeable with a five-sixths verdict of six jurors.

The rule that the statutory minimum number of jurors must decide the case is accepted in most jurisdictions in this country. Illustrative of this well-settled precept is the following statement in *Brame v Garwood* (339 So 2d 978, 979 [Miss]): "The action of the trial court in ordering the trial to continue (over the Brames' objection) with eleven jurors exceeded his constitutional authority even though he may have felt compelled to take such action in order to salvage the trial that had already consumed several days at great expense. The exigencies of the situation, though unusual and weighty, do

not constitute grounds sufficient to relieve trial courts of the requirement to accord litigants a full twelve member jury under our present constitution and statutory law. Accordingly, the case must be reversed and a new trial granted".

Also, in *Hartgraves v Don Cartage Co.* (27 Ill App 3d 298, 301-302, 326 NE2d 461, 463, *affd* 63 Ill 2d 425, 348 NE2d 457), it was stated: "Without the consent of the parties, a verdict may not be properly rendered by a jury of any number other than 12. *(Povlich v. Glodich* (1924) 311 Ill. 149, 142 N.E. 466.) We find that the defendant herein did not waive its right to a trial by 12 jurors, and that any verdict rendered by the jury of 11 persons was a legal nullity. Without 12 jurors and without a stipulation to proceed with less than 12, defendant was entitled to a mistrial. (See *State ex rel. Polk v. Johnson* (1970) 47 Wis.2d 207, 177 N.W.2d 122.) We hold that under the record on appeal in this case, the trial court erred by denying defendant's motion for a mistrial and that this cause should be remanded to the trial court for a new trial" *(see also, Johnson v Holzemer,* 263 Minn 227, 116 NW2d 673; *State ex rel. Polk v Johnson,* 47 Wis 2d 207, 177 NW2d 122; *McNally v Walkowski,* 85 Nev 696, 462 P2d 1016; *City of Flat Riv. v Edgar,* 412 SW2d 537 [Mo]; *Lee v Baltimore Hotel Co.,* 345 Mo 458, 136 SW2d 695).

## III

Although the constitutional and statutory provisions guaranteeing a jury trial require a minimum jury of six persons, it is well settled that, in a civil case, the parties may stipulate to proceed with less than the minimum number *(see, Maiello v Johnson,* 24 AD2d 914 [3d Dept 1965], *mod* 18 NY2d 826 [new trial directed when one juror had to be disqualified because of relationship to one plaintiff]; *Neumann v Kurek,* 175 Misc 238 [Sup Ct, NY County 1940], *affd* 264 App Div 751 [1st Dept 1942] [both parties agreed to accept a jury verdict of 9 out of 10 remaining jurors]; *Giovanniello v Germeroth,* 243 App Div 624 [2d Dept 1935] [all parties stipulated to proceed with 11 jurors]; *Florzak v Hempstead Bus Corp.,* 29 NYS2d 271 [Sup Ct, Nassau County 1941] [the case was tried by consent before 11 jurors]).

## IV

While the above rules are clear and well established, we now turn to the crucial issue in this case, namely, whether

the plaintiff's attorney consented to proceed with five jurors and, if so, whether his unilateral consent, over the objection of the defendants' counsel, bound the plaintiff to a verdict of less than six persons. Stated otherwise, can one party unilaterally consent to a lesser number of jurors than the statutory number, over the objection of another party, and then, after a verdict against her, move to set aside that verdict on the ground that it was less than the statutory minimum? We hold that, based on the constitutional and statutory mandates prescribing a civil jury in this State to be at least six persons with a five-sixths vote, that any verdict rendered by a jury of less than six persons without the consent of all parties is a nullity.

Initially, the plaintiff's contention that her counsel did not consent to a unanimous five-person verdict is unsupported by the record. On the morning of the summations and charge, after both attorneys were advised that the sixth juror was ill, the plaintiff's attorney clearly and unequivocally made an application to proceed with five jurors, and maintained this position even after the defendants' counsel refused to consent and moved for a mistrial. After he had an opportunity to research the subject, and after counsel were notified that the jury had reached a verdict, which was still unannounced, the plaintiff's counsel stated, in a vague manner, that he was not waiving his client's rights. Nevertheless, he did not object to the rendering of the verdict, nor did he ask for a mistrial. This attempted reservation of rights was ineffectual and inadequate. A withdrawal of a prior consent that is merely strategic—made solely to secure some procedural advantage—need not be honored *(see, People ex rel. Rohrlich v Follette,* 20 NY2d 297, 301). In this case, the plaintiff's counsel's attempted withdrawal evidenced far more concern with strategy —attempting to preserve the issue for appeal—than with the validity of the five-member panel. We therefore find that the plaintiff did attempt to waive her right to a six-person jury and consented to be bound by a unanimous five-person jury verdict.

The right to trial by jury is a fundamental one, and the courts indulge every reasonable presumption against waiver *(Aetna Ins. Co. v Kennedy,* 301 US 389). This basic right guaranteed by the State Constitution and implemented by statutory mandate is one of substance and not mere form or procedure. Where the error is "fundamental" and the resultant injustice is "egregious", we have, even in the absence of

objection, considered the error and granted a new trial *(see, Ferreira v New York City Tr. Auth.,* 79 AD2d 596; *Caceres v New York City Health & Hosps. Corp.,* 74 AD2d 619, 620; *DiGrazia v Castronova,* 48 AD2d 249).

A waiver is the " 'voluntary and intentional relinquishment or abandonment of a known existing legal right * * * which except for such waiver the party would have enjoyed' " *(see, Davison v Klaess,* 280 NY 252, 261; 57 NY Jur 2d, Estoppel, Ratification, and Waiver, § 74, at 105). Although waiver and estoppel are sometimes used interchangeably, a waiver is an intentional abandonment of a right without need to show reliance or detriment to the asserting party, while estoppel is an equitable doctrine wherein a party is induced to act in reliance of the conduct of the other party, to his detriment. Not only must the party claiming an estoppel have relied upon the words or conduct of the other party, but he must have been induced to change his position or suffer injury or prejudice therefrom *(see, Central N. Y. Realty Corp. v Abel,* 28 AD2d 50, *affd* 22 NY2d 963; *Five Platters v Williams,* 81 AD2d 534; *Diamond v Wasserman,* 8 AD2d 623; *Friedman v Libin,* 4 Misc 2d 248, *affd* 3 AD2d 827). Here, there was no reliance or change of position or prejudice of any kind on the part of the defendants as a result of the plaintiff's attempted waiver or consent, and the doctrine of equitable estoppel is not applicable to the facts in this case *(see, Glenesk v Guidance Realty Corp.,* 36 AD2d 852).

Further, the plaintiff's alleged waiver or consent involved more serious consequences than a waiver of her right to trial by a jury of six. The purported "waiver" really constituted a consent to be bound only by an unfavorable verdict. As to the defendants, since they themselves moved for a mistrial and sought a new trial, it cannot be said that they were prejudiced by the erroneous rendering of a void verdict.

As stated above, a waiver can only occur when a party relinquishes a right which, except for such waiver, the party would have enjoyed. The plaintiff's consent to proceed with five jurors was an abandonment of nothing and a relinquishment of no right. By doing so, the plaintiff placed herself in a "no-win" situation and agreed to a procedure which, absent the consent by the defendants, was barred by statute and was in violation of a fundamental right. Thus, the plaintiff had no legally cognizable right to agree to a verdict rendered by an impermissibly constituted jury unless the defendants also consented. The plaintiff's "waiver" was, in effect, a concession

of certain defeat and not a relinquishment of a known right. In sum, the plaintiff could not have waived her right to a six-person jury without a concomitant waiver by the defendants. Only if all parties to the lawsuit consented to the five-person panel, would there be a valid verdict.

The defendants contend that the decision of the Appellate Division, Fourth Department, in *Ashdown v Kluckhohn* (90 Misc 2d 618, *affd* 62 AD2d 1137) supports their position that a party may validly, unilaterally agree to accept a verdict of less than six jurors. In *Ashdown,* while deliberating, the jury, about to decide a liability verdict in favor of the plaintiffs by a vote of 5 to 1, asked whether the dissenting juror should be permitted to participate in the damage phase of the verdict. The plaintiffs' attorney requested that the dissenting juror should not be permitted to participate in the damages verdict, and the attorney for the defendants urged that the dissenting juror be permitted to participate. The court adopted the plaintiffs' position and instructed the jury that the dissenter as to liability should not take part in the damages portion of the verdict. Thereafter, the jury returned a verdict in favor of the plaintiffs by a vote of 5 to 1. One of the plaintiffs moved to set aside the verdict because of the unlawfully constituted jury and for inadequacy. The court (p 1137) sustained the verdict on the ground that a party who requests a certain procedure during trial " 'which appears to be to his advantage, is not to be permitted to seek a change in the ruling * * * because it has turned out to be to his disadvantage' " (citing 21 NY Jur, Estoppel, Ratification, and Waiver, § 55, now 57 NY Jur 2d, Estoppel, Ratification, and Waiver, § 49, at 75-76, and three cases dealing with the equitable doctrine of estoppel not specifically involving the subject of the statutory minimum number of jurors, namely, *Matter of Grainger [Shea Enters.],* 286 App Div 802, *rearg denied* 286 App Div 845, *mod on other grounds* 309 NY 605; *Matter of Adoption of Brundage,* 134 NYS2d 703 [Sup Ct, Orange County 1954], *affd* 285 App Div 1185 [2d Dept 1955], *lv denied* 286 App Div 1013; and *Long Is. R. R. Co. v City of New York,* 64 NYS2d 391 [Sup Ct, Kings County 1946]).

In *Ashdown (supra),* the plaintiffs hoped to obtain an advantage by excluding from deliberations on damages a juror who had already found no liability, and the plaintiffs were responsible for the fact that only five jurors ruled on damages. Therefore, it can be argued that they waived a right from which they could have benefited. In the case at bar, the

plaintiff's alleged "waiver" gave her no advantage or rights; by so consenting, her fate was sealed. If *Ashdown* stands for the rule that a party may unilaterally agree to a jury composed of less than the statutory minimum, we respectfully decline to concur. The doctrine of estoppel is inapplicable where there has been no reliance, change of position or prejudice to the defendants. On the contrary, the defendants in this case had what is known in the litigation field as a "free ride"; they could not lose the case, since any verdict against them would have to be set aside.

## V

While the temptation to a Trial Judge to salvage a nearly four-week trial one day from the end with the ancillary saving in judicial time and expense is understandable, in the absence of a consent by all parties, a jury made up of less than six persons cannot render a valid verdict. At the precise point in time when the defendants' counsel refused to consent to a five-person panel, the trial, for all intents and purposes, had come to an end. Under those circumstances, the court should have declared a mistrial and discharged the jury. Whatever occurred after the erroneous and meaningless continuation and verdict by the five-person jury was ineffectual and a nullity, and either side can move to set aside such a void verdict. In effect, with the defendants' objection to the composition of the jury, it ceased to exist as a functioning unit. This rule, which has, generally, been the accepted practice in the trial courts, not only conforms to the constitutional and statutory mandates but is a simple and workable uniform trial procedure which is fair to all parties.

Accordingly, the judgment based on the verdict in favor of the defendants should be reversed, and a new trial granted, with costs to abide the event.

WEINSTEIN, J. P., RUBIN and EIBER, JJ., concur.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, and a new trial is granted, with costs to abide the event.