FOURTH DEPARTMENT, MAY, 1994

(May 27, 1994)

■ LYNDON P. SHARROW, Respondent-Appellant, v DICK COR-PORATION et al., Respondents-Appellants and Third-Party Plaintiffs-Respondents-Appellants. G & H STEEL SERVICE, INC., Third-Party Defendant-Appellant-Respondent. [612 NYS2d 537] — Judgment modified on the law and as modified affirmed without costs and new trial granted on damages for past and future pain and suffering only unless defendants, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the verdict on damages for past and future pain and suffering to $150,000, in which event the judgment is modified accordingly and as modified affirmed without costs. Memorandum: We reject the contention that defendants were deprived of their constitutional right to a trial by a jury of six persons. All six persons were present throughout deliberations (cf., Waldman v Cohen, 125 AD2d 116). The findings in favor of plaintiff based on the 5 to 1 verdict are valid (see, CPLR 4113 [a]). There is no evidence that juror No. 5 refused to participate or was precluded from participating in deliberations. The statement, "[w]ell, she didn't make a determination because she didn't move on" is attributable to the court, not the juror. Juror No. 5 was not bound by the other jurors' conclusion that defendants were liable to plaintiff (see, Schabe v Hampton Bays Union Free School Dist., 103 AD2d 418, 428). Because there is no evidence that juror No. 5 was precluded from participating in deliberations and the court weighed the importance of inquiry to determine if juror No. 5 participated in deliberations against the danger of being "too intrusive" and determined that the verdict spoke for itself without additional questioning, defendants were not deprived of their constitutional right to a trial by a jury of six persons.

Civil Rights Law § 14 sets forth a general prohibition against questioning jurors. "The policy reasons behind the rule [against impeaching a verdict] are to prevent 'the post-trial harassing of jurors for statements which might render

their verdicts questionable' and to avoid the chaos that a contrary rule would create *(People v De Lucia,* 20 NY2d 275, 278; *see, McDonald v Pless,* 238 US 264, 267-268; *King v United States,* 576 F2d 432, 438 [2d Cir])" *(Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 460). "In the absence of good cause, jurors should be protected against posttrial efforts to 'browse among their thoughts' in an effort to invalidate their verdict" *(Gamell v Mount Sinai Hosp.,* 40 AD2d 1010, 1011, *lv dismissed* 32 NY2d 678).

The argument of G & H Steel Service, Inc., and Southern Steel Corporation that plaintiff's allegations of a Labor Law § 241 (6) violation were insufficient pursuant to *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494, 501-505) is unpreserved for our review. *Ross* was decided almost three months after the trial ended, and the argument advanced on appeal was not raised at Supreme Court. We conclude that the motion to set aside the verdict as against the weight of the evidence did not preserve the issue whether plaintiff alleged sufficiently specific violations of the regulations. In the absence of preservation, we do not reach the issue whether *Ross* should be applied *(see, People v Reynolds,* 25 NY2d 489, 495; *People v Baldi,* 96 AD2d 212, 218-219; *see also, People v Favor,* 82 NY2d 254, 260-263).

Plaintiff argues that the damages awarded for past and future pain and suffering are inadequate. We agree. The testimony of plaintiff's medical expert established that plaintiff had a herniated disk, causing total disability from work and pain that was at times excruciating. Plaintiff had back surgery in July 1989 but continues to experience back pain and may require further surgery. His medical expert testified that plaintiff will never be an iron worker again and that he may never be able to perform any kind of work. Plaintiff and his wife both testified concerning plaintiff's unremitting pain. We conclude that the damages awarded for past and future pain and suffering deviate materially from what would be reasonable compensation *(see,* CPLR 5501 [c]).

A new trial on damages for past and future pain and suffering is granted unless defendants, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the verdict to $100,000 for past pain and suffering and $50,000 for future pain and suffering. The judgment is otherwise affirmed.

All concur except Lawton and Boehm, JJ., who dissent and vote to reverse in the following Memorandum.

Lawton and Boehm, JJ. (dissenting). We dissent. Under the

holding of the majority, defendants are required to accept a court-enhanced verdict totalling $567,000 or face a new trial on the issue of damages for past and future pain and suffering only in a case where liability is founded on a theory, declared invalid by the Court of Appeals in the recent case of *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494). Furthermore, it is axiomatic that in deciding this case the Court must apply the law as it now exists *(see, Matter of Alscot Investing Corp. v Board of Trustees,* 64 NY2d 921; *Matter of Michael B.,* 58 NY2d 71, *rearg denied* 58 NY2d 1114; *Strauss v University of State of N. Y.,* 2 NY2d 464, *appeal dismissed* 355 US 394; *Matter of Mitchell [Onondaga Dept. of Social Servs.],* 70 AD2d 367).

With respect to the issue of liability under Labor Law § 241 (6), we believe that *Ross (supra)* is applicable and controlling *(see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876). We believe that it is both unfair and unjust to hold defendants to the high degree of preservation required by the majority when *Ross* was decided after this case was sent to the jury *(see generally, People v Mitchell,* 80 NY2d 519, 529). That is especially true when the issue of preservation was not even raised in the briefs or at oral argument. The proper exercise of our discretion requires that the case be remitted for a new trial, at which time the parties may present proof with respect to the issue of liability in accordance with the proper standard.

Moreover, even if the majority is correct that defendants are bound by the jury's finding that they violated Labor Law § 241 (6) (question No. 1), there nonetheless must be a new trial because only five jurors participated in deciding questions 2 through 6. The record makes clear that juror No. 5 did not participate in the jury's deliberations on questions 2 through 6 on the verdict sheet. No vote by juror No. 5 was recorded on those questions and the trial court believed that her participation was not necessary because, when the verdict was recorded, it stated, "Well, she didn't make a determination because she didn't move on." Before the jury was discharged, an objection was made to the verdict on the ground that only five jurors had determined questions 2 through 6. Additionally, a request was made to have juror No. 5 questioned regarding whether she deliberated on questions 2 through 6 and whether she felt foreclosed from doing so by the instruction on the verdict sheet. Supreme Court overruled the objection, accepted the verdict, refused the request to question the juror and discharged the jury. That was error.

The mere presence of juror No. 5, without her participation in the verdict, deprived defendants of their right to a trial by a jury of six persons.

A verdict rendered by fewer than six jurors is a nullity *(see, Waldman v Cohen,* 125 AD2d 116; *see also,* PJI 1:26, n 6). All jurors must participate in the decision-making process involved in answering each question on the verdict sheet and the preclusion of a juror from participating in the process of answering a question invalidates the answer to that question *(see, Schabe v Hampton Bays Union Free School Dist.,* 103 AD2d 418, 423-424, 429). Because timely objection was raised to the failure of all six jurors to participate, there must be a reversal *(see, Arizmendi v City of New York,* 56 NY2d 753; *Waldman v Cohen, supra; Schabe v Hampton Bays Union Free School Dist., supra).* Indeed, it was incumbent upon the court to make certain that all six jurors participated in the deliberations and voted on all issues presented. The court should have conducted an inquiry, therefore, into juror No. 5's participation in the deliberations or lack thereof *(see, Arizmendi v City of New York, supra; Barry v Manglass,* 55 NY2d 803, 806).

The majority's reliance upon Civil Rights Law § 14 to support its holding is very troublesome. Nowhere in the moving papers, briefs or oral argument was that section discussed, no doubt because it is inapplicable to the facts of this case. The purpose of Civil Rights Law § 14, as stated by the majority, is to prevent " ' "the *posttrial* harassing of jurors" ' " (emphasis added). That section, by its very terms, applies to a case where a verdict has been received and recorded. It has no application to the present case, where the validity of the verdict itself was called into question before the jury was discharged. It is one thing to prevent juror harassment after a valid verdict has been reached and quite another to prevent inquiry by the court into whether a party's right to a verdict by a jury of six persons (NY Const, art VI, § 18; CPLR 4104) has been violated.

Consequently, we would reverse the judgment and, because the jury did not determine proximate cause (question No. 2), grant a new trial on all issues. (Appeals from Judgment of Supreme Court, Erie County, Joslin, J.—Labor Law § 241 [6].) Present—Green, J. P., Pine, Lawton, Callahan and Boehm, JJ.