■ DENNIS E. PECK et al., Respondents-Appellants, v TIRED IRON TRANSPORT, INC., Appellant-Respondent. [620 NYS2d 199] —Judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on damages for past and future pain and suffering only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the verdict on damages for past and future pain and suffering to $250,000, in which event the judgment is modified accordingly and as modified affirmed without costs. Memorandum: Upon our review of the record, we conclude that Supreme Court did not abuse its discretion in permitting plaintiffs to amend the pleadings to conform to the proof *(see,* CPLR 3025 [c]; *Murray v City of New York,* 43 NY2d 400, 405; *Guest v City of Buffalo,* 109 AD2d 1080, 1081). We further conclude that the verdict is not against the weight of the evidence.

We reject defendant's contention that the court abused its discretion in permitting plaintiffs' expert witness, Dr. Murphy, to testify. Although plaintiffs did not strictly comply with the notice requirements of CPLR 3101 (d) (1) (i), the court has broad discretionary powers in applying that statute *(see, Marra v Hensonville Frozen Food Lockers,* 189 AD2d 1004, 1005). Four months prior to trial, plaintiffs sent a letter to the court, with a copy to defendant, in which they advised that Dr. Murphy would testify at trial. When plaintiffs' counsel informed the jury during opening statements that Dr. Murphy would be a witness, defendant objected. The court directed that defendant be provided with a copy of the expert's report. Because there is no evidence of intentional or willful nondisclosure, the expert testimony offered no surprises and the party opposing that testimony did not demonstrate any prejudice, we conclude that the court did not abuse its discretion in allowing that witness to testify *(see, Lillis v D'Souza,* 174 AD2d 976, *lv denied* 78 NY2d 858; *see also, Haskell v Carlson,* 188 AD2d 1087).

On their cross appeal, plaintiffs contend that the award of

damages for past and future pain and suffering is inadequate. We agree. The testimony established that plaintiff Dennis E. Peck had a herniated disc, causing him pain, limiting his ability to work, and requiring surgery in the future. We conclude that the damages awarded for past and future pain and suffering deviate materially from what would be reasonable compensation (see, CPLR 5501 [c]). Therefore, we grant a new trial on damages for past and future pain and suffering only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the verdict to $100,000 for past pain and suffering and $150,000 for future pain and suffering (see, Sharrow v Dick Corp., 204 AD2d 966). (Appeals from Judgment of Supreme Court, Erie County, Flaherty, J.—Negligence.) Present —Denman, P. J., Green, Balio, Wesley and Callahan, JJ.