■ PETER M. ARMBRUSTER, Appellant-Respondent, v BUFFALO CHINA, INC., an ONEIDA FOOD SERVICE COMPANY, Respondent-Appellant and Third-Party Plaintiff. ENGELHAUPT Co., INC., Third-Party Defendant-Respondent-Appellant. (Appeal No. 1.) [668 NYS2d 802] —Judgment unanimously modified on the law by vacating the award of damages for past and future pain and suffering and as modified affirmed without costs and new trial granted on damages for past and future pain and suffering only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the verdict on damages for past and future pain and suffering to $250,000, in which event the judgment is modified accordingly and as modified affirmed without costs. Memorandum: Plaintiff commenced this action to recover

damages for personal injuries he sustained on October 8, 1991 in an industrial accident at a manufacturing plant owned by defendant, Buffalo China, Inc., an Oneida Food Service Company (Buffalo China). Plaintiff was an apprentice sheet metal worker employed by third-party defendant, Engelhaupt Co., Inc. (Engelhaupt), which was retained by Buffalo China to disconnect exhaust stacks from glazing machines and to reinstall the stacks after the machines were moved to another building. Plaintiff and other Engelhaupt employees were hoisting an exhaust stack that weighed approximately 750 to 800 pounds to the top of a glazing machine by means of a duct hoist and chain fall when the duct hoist slipped, causing the exhaust stack to detach from the hook on the chain fall. The exhaust stack fell to the floor after striking the glazing machine and then catapulted into the air. It struck plaintiff on the top of his head and came to rest on his back. The force of the blow caused plaintiff's body to fold in half in a sitting position and plaintiff's head to strike the concrete floor.

Plaintiff alleged causes of action for negligence and violations of the Labor Law. Buffalo China commenced a third-party action against Engelhaupt for common-law and contractual indemnification. Thereafter, plaintiff moved for partial summary judgment on the issue of liability under Labor Law § 240 (1). Buffalo China cross-moved for summary judgment on its claims for indemnification against Engelhaupt. Supreme Court granted plaintiff's motion and that part of Buffalo China's cross motion with respect to common-law indemnification. Subsequently, a trial was held on damages only. The jury awarded plaintiff $24,161.12 for past medical expenses, $35,000 for past pain and suffering, $73,000 for past loss of earnings, $50,000 for future medical expenses, $35,000 for future pain and suffering and $500,000 for future loss of earnings. The award for future pain and suffering was to provide compensation over a 35-year period.

We reject the contention of Buffalo China and Engelhaupt on their cross appeal that the court erred in granting plaintiff partial summary judgment on the issue of liability under Labor Law § 240 (1). We also reject the contention of plaintiff on his appeal that the jury's award for past and future loss of earnings is inadequate. That award does not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]).

We agree with plaintiff, however, that the award for past and future pain and suffering is inadequate. The uncontested testimony establishes that plaintiff sustained a burst fracture

and retropulsion of fragments into the canal at L5-S1. The retropulsed fragments compressed the right S1 nerve root. Plaintiff also sustained a disk herniation at L4-L5 favoring the right side. The testimony further establishes that plaintiff regularly takes pain medication for chronic lower back pain and wears a back brace except when he sleeps. The testimony also establishes that the injuries sustained by plaintiff have caused him pain, limited his ability to work and may require surgery in the future. We conclude that the damages awarded for past and future pain and suffering deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]). Therefore, we vacate that award and grant a new trial on damages for past and future pain and suffering only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the verdict on damages to $100,000 for past pain and suffering and $150,000 for future pain and suffering (*see, Peck v Tired Iron Transp.,* 209 AD2d 979, 980). (Appeals from Judgment of Supreme Court, Erie County, Mahoney, J.—Damages.) Present—Pine, J. P., Hayes, Wisner, Boehm and Fallon, JJ.