■ Roy DePasquale et al., Respondents, v Irving Klenetsky, Appellant. [680 NYS2d 666] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Arniotes, J.), entered December 23, 1997, which, upon a jury verdict finding him 70% at fault in the happening of the accident and awarding $50,000 for future pain and suffering and $20,000 for past pain and suffering, and, after a retrial on the issue of damages for past pain and suffering only in which the jury awarded him $100,000 for past pain and suffering, is in favor of the plaintiff in the reduced principal sum of $105,000.

Ordered that the judgment is affirmed, with costs.

Although as a general rule courts should exercise their discretionary power over damage awards sparingly (*see, Cochetti v Gralow,* 192 AD2d 974, 975; *Shurgan v Tedesco,* 179 AD2d 805, 806), they are accorded considerable latitude in this regard (*see, Prunty v YMCA of Lockport,* 206 AD2d 911, 912). In the present case, the evidence established that the plaintiff Roy DePasquale has suffered serious and constant pain in his neck and back for the four-year period prior to the verdict, and the jury determined he would suffer the same or similar pain for a period of one year following the verdict. With regard to future pain and suffering, the jury found that his injuries were severe enough to justify a $50,000 damage award for one year. It is inconsistent, on this record, to simultaneously find that Mr. DePasquale's damages for past pain and suffering were only $20,000 for a period of four years (an average of $5,000 per year) (*see, Cochetti v Gralow, supra; Powell v New York City Tr. Auth.,* 186 AD2d 728). Hence, the trial court acted

properly in setting aside the verdict and ordering a new trial on the issue of damages for past pain and suffering.

In light of the nature and consequences of the injuries sustained by Mr. DePasquale, the verdict, after retrial, of $100,000 for past pain and suffering did not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Tariq v Miller,* 240 AD2d 395; *Armbruster v Buffalo China,* 247 AD2d 880; *Peck v Tired Iron Transp.,* 209 AD2d 979; *Brown v Stark,* 205 AD2d 725; *Sharrow v Dick Corp.,* 204 AD2d 966; *Orris v West,* 189 AD2d 866; *DeSisto v New York City Tr. Auth.,* 151 AD2d 639).

We have considered the defendant's remaining contention and find it to be without merit. Rosenblatt, J. P., Miller, Thompson and Joy, JJ., concur.